JOSÉ ENRÍQUEZ LEDUC, recurrente, *v.* EL REGITRADOR DE LA PROPIEDAD DE HUMACAO, recurrido.

Núm. 1,166.—*Sometido:* Junio 11, 1945.  *Resuelto:* Noviembre 20, 1945.

*Rogelio Fernández Garzot,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

José Isabel Meléndez de la Matta, dueño en común proindiviso con su hermana Monserrate de una finca de 11.90 cuerdas en proporción de una mitad cada uno, otorgó hipoteca a favor de José Enríquez Leduc mediante la cual gravaba una parcela de dos cuerdas de la referida finca. En la escritura se deslindaba materialmente dicha parcela, ha-

ciéndose constar que formaba parte de la mitad que le correspondía al otorgante en la finca, y que se hipotecaba con el expreso consentimiento de la otra condueña. Presentada copia de la escritura al Registro de la Propiedad para su inscripción, la misma fué denegada a virtud de la siguiente nota:

"Denegada la inscripción de este documento porque para hipotecar la parcela de dos cuerdas que se describe en el mismo, se necesita segregarla e inscribirla previamente en el Registro de la Propiedad y en el Registro de Planificación y al no hacerlo así se violarían las disposiciones de los artículos 9, 20, 21 y 30 de la Ley Hipotecaria y 50, 60, 62, 63 y 75 de su Reglamento y las disposiciones del Reg. de Planificación Núm. 3, promulgadas por la Junta de Planificación a virtud de las disposiciones de las Leyes núms. 213 de 1942 y 155 de 1943 todo al folio 55 vuelto del tomo 27 de Naguabo, finca 1090, inscripción 2ª—Humacao a 14 de mayo de 1945.— Guillermo Estrella, Registrador,—Dros. Can. \$3.00 Núm.—Como complemento a la nota que precede se hace constar que se tomó anotación por 120 días a favor del acreedor, al asiento y folio indicados en dicha nota.—Humacao, a 14 de mayo de 1945. Guillermo Estrella, Registrador."

No conforme José Enríquez Leduc estableció el presente recurso, en el cual sostiene que no es necesaria la previa segregación e inscripción de la parcela de dos cuerdas para poder constituir hipoteca sobre ella, y cita en su favor el artículo 333 del Código Civil, la Resolución de 23 de noviembre de 1886 de la Dirección General de los Registros, y el caso de *Mayagüez Sugar Co.* v. *Registrador,* 40 D.P.R. 82.

■ La verdadera cuestión a resolver es si un condómino, con el expreso consentimiento de otro y único condueño, puede hipotecar una parte fija y determinada de una finca indivisa de la comunidad.

No hay duda alguna de que el condómino puede hipotecar su parte en la comunidad. Para ello está expresamente autorizado por el artículo 333 del Código Civil, el cual dispone que:

"Todo condueño tendrá la plena propiedad de su parte y la de los frutos y utilidades que le correspondan, pudiendo en su consecuencia enajenarla, cederla o hipotecarla, y aun sustituir otro en su aprovechamiento y darla en arrendamiento, salvo si se tratare de derechos personales, pero el efecto de la enajenación o de la hipoteca con relación a los condueños, estará limitado a la porción que se les adjudique en la división al cesar la comunidad, y el efecto del arrendamiento será conferir al arrendatario, durante el término del contrato, las facultades del condueño en orden a la administración y mejor disfrute de la cosa común."

Empero, cuando es un condómino quien hipoteca sin la intervención de los demás condueños, la hipoteca así constituída no se fija sobre ninguna parte determinada de la finca, ya que el derecho del condueño es el de una cuota abstracta en la propiedad, que recae sobre la totalidad de ésta. Por consiguiente, al constituir hipoteca sobre esa cuota, el gravamen flota sobre la finca en la misma forma que el derecho sobre el cual se constituye. Véanse Galindo y Escosura, *Comentarios a La Legislación Hipotecaria de España,* Tomo III, pág. 169 (Cuarta Edición), y Morell y Terry, *Comentarios a la Legislación Hipotecaria,* Tomo III, pág. 635.

El caso de autos, sin embargo, es distinto. Aquí un condómino, con el expreso consentimiento del otro condueño de la finca, que compareció en la escritura a ese efecto, hipotecó dos cuerdas de la finca de once poseídas en comunidad y dicha parcela fué deslindada o delimitada materialmente con la aprobación de ambos condueños. Esta actuación equivale a haberse constituído la hipoteca, con el consentimiento de ambos condueños del inmueble, gravando la misma, expresamente una parte específica de la finca, que a ese efecto quedó perfectamente deslindada y la cual formará parte de lo que en definitiva pueda corresponder al condómino hipotecante en la finca. A los efectos del caso no existe prácticamente problema alguno de indivisión en relación con las dos cuerdas hipotecadas. Empero, no es necesario, como sostiene el Registrador recurrido, hacer una segregación e inscribir la parcela hipotecada como finca independiente pues

basta con la delimitación o deslinde ya hecho en la escritura para que sea fácilmente identificada en caso de ejecución. De no ocurrir la ejecución, toda la finca continuará en la indivisión.

De acuerdo con la Resolución del 23 de noviembre de 1886 de la Dirección General de los Registros, " . . . si el gravamen se impone sobre una parte de finca, es preciso que dicha porción se circunscriba y limite, *ora deslindándola materialmente,* ora determinando su cuantía con relación al valor total del inmueble, ora precisando la proporción en que la referida parte se encuentra con respecto a la total cabida de la finca, . . . ". (Bastardillas nuestras.) Por tanto, de hipotecarse un condominio, puede hacerse o bien deslindando materialmente la porción hipotecada o determinando su cuantía en relación con el valor total del inmueble o bien precisando la proporción en que la referida parte se encuentre en relación con la cabida total. En el caso de autos no sólo se ha deslindado, sino que la otra condueña ha consentido expresamente con que dicha parcela sea hipotecada.

En cuanto al no cumplimiento de los Reglamentos de Planificación promulgados por la Junta de Planificación bastará decir que ellos expresamente se refieren y aplican a casos de "venta, arrendamiento o traspaso".[1]

*Debe revocarse la nota recurrida y ordenarse la inscripción solicitada.*

---

[1] Véase artículo 1 del Reglamento de Planificación núm. 3, promulgado por la Junta de Planificación de Puerto Rico el 5 de septiembre de 1944.