## GALO OQUENDO, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

Número 1313.

*Sometido:* 1 de marzo de 1955. *Resuelto:* 29 de marzo de 1955.

---

*Isaías M. Crespo,* abogado del recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

La Sala de Arecibo del Tribunal Superior dictó una resolución aprobando la información de dominio promovida por el recurrente sobre una finca de 48 cuerdas de terreno con ocho centésimas de otra. Dicha resolución fué presentada en el Registro de la Propiedad de Utuado para su inscripción. Puso reparos el Registrador y entonces el recurrente obtuvo una Resolución Complementaria del mismo tribunal. Presentadas al Registro ambas resoluciones, el Registrador denegó la inscripción solicitada mediante la siguiente nota:

"Denegado el precedente documento con vista de otro, por no haber concurrido el propietario o propietarios del resto de la finca de 49 cuerdas, ni se ha demostrado la existencia de una

división de comunidad ni adjudicación de la parcela de 38.08 cds. de dicha finca; y teniendo el promovente sólo participaciones indivisas en dicha finca de 49 cds. y no pudiéndose agrupar condominios en una finca con pleno dominio de otra, vistos el artículo 390 de la Ley y 61 del Reglamento; se deniega la inscripción del título declarativo solicitada y en su lugar se toma anotación preventiva por 120 días a favor de Galo Oquendo, . . . ."

El recurrente nos pide que revoquemos la anterior nota fundándose en que el Registrador se excedió en sus facultades, conforme a la doctrina sentada en *Wilcox* v. *Registrador*, 67 D.P.R. 475 y *Rosado* v. *Registrador*, 71 D.P.R. 553.

▬ De acuerdo con las resoluciones presentadas en el Registro, la finca de 48.08 cdas. se formó por agrupación de otras dos.  Una de ellas se componía de 10 cdas. y pertenecía a Anastacia Rivera, de quien la adquirió el promovente.  La otra se componía de 38.08 cdas. y formaba parte de una finca de mayor cabida.  Esta finca de mayor cabida, se componía de 49 cdas. y pertenecía a Antonia Negrón viuda de Rivera, quien la había adquirido por compra en 1920.  La viuda vendió varios condominios de dicha finca de 49 cdas. a algunos de sus hijos, habiendo sido luego adquiridos estos condominios por el promovente a título de compra a sus dueños [hijos de Antonia Negrón viuda de Rivera] y a los herederos de algunos de éstos.  La suma de estos condominios es lo que forma la alegada finca de treintiocho cuerdas con ocho centésimas de otra.(¹)  De la propia Resolución Complementaria se desprende que el promovente no adquirió condominios equivalentes a 38.08 cuerdas pues todo lo que él adquirió fué un condominio igual a seis novenas partes de dicha

---

(¹) En la "Resolución Complementaria" se hace la historia de la formación de esta finca de 38.08 cdas. en la siguiente forma:

"Por Cuanto: La parcela de treintiocho cuerdas con ocho céntimos de otra, antes mencionada, es el equivalente· de varios condominios que el promovente adquirió como parte de la finca de cuarentinueve cuerdas, del modo siguiente: Un condominio igual a seis novenas partes de ella según escritura otorgada el once de febrero de mil novecientos cuarentitrés ante el Notario Rafael Atiles Moréu, por compra de los hermanos Fulgencio, Anastacia, María y Juana Rivera; un condominio igual a dos novenas partes de ella por compra de las hermanas Rosalina y Natalia Rivera y a

finca,([2]) otro condominio de dos novenas partes y otro de cinco octavas partes de una novena parte de ella. No aparece pues que el promovente haya adquirido el otro condominio de tres octavas partes de esa novena parte.

Es evidente que el recurrente es condueño de la finca original de 49 cuerdas y que sus condominios equivalen a 38.08 cuerdas, menos tres octavas partes de una novena parte. Como tal condueño tiene la plena propiedad de su parte y la de los frutos y utilidades que le correspondan; art. 333 del Código Civil (ed. 1930), pero su porción en la totalidad de la finca es abstracta, indeterminada. Mientras no se haga una división y se le adjudiquen porciones determinadas, él no es dueño en pleno dominio de esas porciones determinadas, *Martínez* v. *Mora*, 33 D.P.R. 149, sino que es dueño de una cuota abstracta en la propiedad. *Enríquez* v. *Registrador*, 65 D.P.R. 407, 409. Siendo ello así, el recurrente no tenía derecho a que en la información promovida se declarase justificado a su favor el dominio de una parcela determinada en la finca de 49 cuerdas. Para ello, era requisito previo la división de la cosa común y adjudicación a él de la parcela determinada, cuyo título de dominio pretende inscribir. Es obvio que la información de dominio no es el procedimiento autorizado por ley para obtener la división de la cosa común.

██ Reiteradamente hemos dicho que los Registradores deben tener por buenas y suficientes las resoluciones finales dictadas por los tribunales si éstos tenían jurisdicción y el procedimiento seguido fué el marcado por la ley. *Sucn. Estrella* v. *Registrador*, 41 D.P.R. 756; *Fortis* v. *Registrador*, 43 D.P.R. 94; *Mattei* v. *Registrador*, 53 D.P.R. 455; *Correa* v. *Registrador*, 67 D.P.R. 753; *Báez* v. *Registrador*, 74

las hermanas Ramona y Angélica Rivera, según escritura otorgada el once de febrero de mil novecientos cuarentitrés ante dicho Notario Rafael Atiles Moréu, y otro condominio igual a cinco octavas partes de una novena parte de ella según documento otorgado el veintiuno de enero de mil novecientos cuarentitrés por compra de los hermanos Elías, José, Antonio, Angélica e Israel Rivera Rivera."

([2]) Nos referimos a la finca de 38.08 cuerdas.

D.P.R. 813; *Nido & Cía., S. en C.* v. *Registrador*, 74 D.P.R. 789. Las resoluciones dictadas en el expediente de dominio en este caso tendrían el efecto de una sentencia dando por terminada la comunidad, decretando la división de la cosa común y adjudicando al promovente una parte determinada de la misma. Mas, a los otros condueños de los condominios restantes de la finca dividida, no se les dió su día en corte. Éstos no fueron emplazados ni traídos ante el tribunal en la forma provista por ley y por tanto la corte no adquirió jurisdicción sobre ellos.

El caso de *Wilcox* v. *Registrador*, supra, invocado por el recurrente, es distinguible. Allí el Registrador trató de sustituir su criterio sobre los hechos por el de la corte de distrito para basar su argumento en cuanto a cuál procedimiento debía seguirse en un caso determinado sobre los hechos tal como él los concebía más bien que como fueron adjudicados por la corte de distrito. En el presente caso no existe tal sustitución de criterio sobre los hechos. Tampoco favorece su contención el caso de *Rosado* v. *Registrador*, supra. Allí el recurrente entabló una acción ordinaria ante un tribunal competente para obtener el otorgamiento de una escritura que dejó de otorgarse como trámite o formalidad de la división de la comunidad de bienes, *después de haber convenido los condueños* tal división y la adjudicación de las porciones correspondientes. En nuestro caso, la corte declaró justificado el dominio a favor del recurrente de la finca de 38.08 cuerdas (agrupada esta finca a la otra de 10 cuerdas, formaban la finca principal, cuya inscripción fué denegada), sin que se hubiera justificado la división previa de la finca principal de la cual se segregó.

*En vista de lo expuesto anteriormente, debemos concluir que el Registrador no se excedió en sus facultades al calificar las resoluciones judiciales antes mencionadas, debiendo en su consecuencia, confirmarse la nota recurrida.*