Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| | | |
|---|---|---|
| *EX PARTE*: <br><br> MIGUEL ÁNGEL Y ROSA ELVA T/C/P ROSA SERRANO DE APELLIDOS MERCADO TIRADO, ANNETTE Y JOHN DE APELLIDOS APONTE MERCACO <br><br><br> Apelantes | KLAN202300670 | Apelación procedente del Tribunal de Primera Instancia Sala de Aguadilla <br><br> Caso Núm. AG2022CV01885 <br><br> Sobre: Expediente de Dominio |

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de noviembre de 2023.

Comparecen Miguel Ángel Mercado Tirado, Rosa Elva Mercado Tirado T/C/P Rosa Serrano, Annette Aponte Mercado y John Aponte Mercado, (los apelantes), solicitando la revocación de una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla, (TPI), el 10 de julio de 2023. Mediante dicho dictamen el foro primario declaró No Ha Lugar la *Petición de Expediente de Dominio* presentada por los apelantes.

Examinados los asuntos que tuvo ante su atención el foro apelado, decidimos confirmar.

**I. Resumen del tracto procesal**

El 15 de diciembre de 2022, los apelantes presentaron una *Petición sobre Expediente de Dominio,* (la *Petición*). En esta adujeron ser dueños

en forma privativa y en comunidad de la finca que se describe a continuación:

> RÚSTICA: Solar de forma irregular identificado en el Plano de Mensura para Expediente de Dominio como Predio "A" ubicado en la carretera Puerto Rico ciento quince (PR-115) Kilometro seis punto cuatro interior (6.4 int) del Barrio Puntas del término municipal de Rincón, Puerto Rico compuesta por una cabida de SEISCIENTOS CINCUENTA Y UNO PUNTO OCHO MIL CERO DIECIOCHO (651.8018 M. C.) METROS CUADRADOS equivalentes a cero punto mil seiscientos cincuenta y ocho (0.1658 cda) cuerdas, en colindancias al NORTE, con María Mercado Moreno y Sucesión Santiaga Mercado; al SUR, con Esmeralda Feliciano Feliciano y Sucesión Santiago Mercado; al ESTE, con Sucesión Santiaga Mercado y Carretera Municipal; y al OESTE, con Sucesión Moreno.
>
> Contiene residencia dedicada a vivienda de hormigón y bloque.
>
> Esta propiedad está gravada por una servidumbre de paso de tres (3) metros de ancho por su colindancia Sur a favor del predio de la Sucesión Santiaga Mercado, transcurriendo la misma desde la carretera municipal a la propiedad de la Sucesión Santiaga Mercado.
>
> Catastro número: 095-028-085-27-008.

Además, afirmaron haber adquirido sus respectivas participaciones en el inmueble descrito, por el fallecimiento de los causantes Florencio Mercado Saltares y Angélica Tirado Varela, el 5 de agosto de 2017 y el 11 de febrero de 2022, respectivamente. Aseveraron que estos últimos habían adquirido el referido predio, a su vez, de los anteriores dueños por compra informal. Alegaron haber poseído la finca aludida a título de dueños, de manera quieta, pública y pacífica, sin interrupción, por un término de treinta años, careciendo de título inscribible en el Registro de la Propiedad. Por lo cual, ofrecerían prueba testifical y documental para sostener que aconteció la prescripción adquisitiva, y solicitar que se declarara justificado su dominio en dicha finca, junto a la inscripción en el Registro de la Propiedad.

A raíz de ello, el 27 de diciembre de 2022, el foro primario emitió una *Orden,* señalando que la *Petición* carecía de cierta documentación que debía proveerse. Además, el foro primario requirió que los apelantes explicaran qué significaba *compra informal,* e indicaran cómo se formó el predio objeto de la *Petición.* Asimismo, dispuso que la parte apelante debía notificar de la acción iniciada a una serie de partes, que identificó. Determinó finalmente que, luego de los apelantes proveer toda la documentación e información descrita, y mostraran que las citaciones fueron diligenciadas, entonces pautaría vista en su fondo.

En respuesta, los apelantes presentaron una *Moción en Cumplimiento Parcial.* Con relación a la explicación requerida sobre qué significaba *compra informal,* respondieron que refería a aquella desprovista de las reglas protocolarias, como son la escritura y el contrato escrito. De igual forma, expresaron que el predio en controversia nacía de la mensura practicada sobre el terreno dejado en herencia por el causante, el señor Mercado Saltares, cuya adquisición data del 1957.

Superados varios trámites procesales, el 12 de mayo de 2023, fue celebrado el *Juicio en su Fondo,* mediante videoconferencia. Al juicio comparecieron los apelantes, mediante su representación legal, el Ministerio Público, representado por la Procuradora de Menores, además de *LUMA energy,* a través de su abogada. La siguiente prueba documental fue admitida allí como exhibit:

Exhibit –Certificación del Registro de la Propiedad (negativa)
Exhibit—Declaratoria de Herederos del causante Florencio Mercado Saltar
Exhibit 3—Planilla de Caudal Relicto de la causante Angélica Tirado Valera
Exhibit 4—Declaratoria de Herederos de la causante Angélica Tirado Valera
Exhibit 5—Planilla de Caudal Relicto de la causante Angélica Tirado Valera
Exhibit—6 Certificación de Mensura del Agrim. Eddie Nelson García Vega
Exhibit 7—Plano de Mensura
Exhibit 8—Certificación de Valores del CRIM
Exhibit 9—Notificación de colindantes y agencias del gobierno

Exhibit 10—Declaración Jurada del periódico (publicación de edictos)
Exhibit 11—Carta de Trámite del DTOP indicando no tener objeción

Además de la prueba documental admitida, **fue desfilada prueba testifical**, mediante el testimonio de los dos siguientes testigos, señores Carlos Ramírez Sánchez y Marcos A. Basora Ruiz

Examinada la prueba documental, **y sopesados los testimonios de los testigos en sala**, el 10 de julio de 2023, el foro primario emitió la *Sentencia* cuya revocación nos solicitan los apelantes, declarando *No ha Lugar* la *Petición*, desestimándola sin perjuicio. En resumen, el foro primario inició su determinación aseverando que, **de la prueba testifical presentada**, quedó evidenciado que el predio de terreno objeto de la *Petición* no ha sido segregado, y que no consta en el expediente escritura de autorización de la Administración de Reglamentos y Permisos (ARPE) a esos efectos. Razonó que el procedimiento de expediente de dominio no podía ser utilizado para obtener una división de una propiedad poseída en común. Señaló que no constituye justo título, un título de dominio sobre una porción proindivisa en una finca que no ha sido segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el Registro. De igual forma, expuso que el Artículo 191 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico,* Ley Núm. 210-2015, establece que el expediente de dominio no se utilizará para justificar el dominio y no equivale a una acción de declaratoria de usucapión. Concluyó afirmando que, no habiéndose presentado documentación alguna que evidencie que el predio objeto de la *Petición* fue segregado de la finca de mayor cabida, se declaraba No Ha Lugar la *Petición* y se desestimaba la misma, sin perjuicio.

Es así como, en desacuerdo, los apelantes acuden ante nosotros, mediante recurso de apelación, aduciendo que el foro primario cometió el siguiente error:

> Erró el Honorable Tribunal al exigir en el Expediente de Dominio la segregación del predio de terreno objeto del procedimiento, cuando el mismo no ha sido objeto de segregación conocida durante el término de la prescripción adquisitiva de los 30 años.

En respuesta a nuestra *Resolución* de 11 de agosto de 2023, en la que requerimos la comparecencia del Ministerio Público, compareció la Oficina del Procurador General en representación de este, mediante *Escrito en cumplimiento de Resolución.*

## II. Exposición de Derecho

### A. Expediente de Dominio

El mecanismo de expediente de dominio es un procedimiento *ex parte* que se encuentra regulado por el Artículo 185 de la Ley Núm. 210-2015, 30 LPRA sec. 6291, conocida como la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico, (Ley Núm. 2019-2015). Nuestro Tribunal Supremo ha dispuesto que este mecanismo puede ser considerado como un acto de jurisdicción voluntaria, en la medida en que no se suscite contienda entre las partes conocidas y determinadas. *Benítez* v. *Registrador*, 71 DPR 563, 568 (1950). El mismo alto Foro ha manifestado que el expediente de dominio tiene el exclusivo efecto de habilitar de título (posesorio) o de dominio al que no lo tenga, o sea, de justificar la existencia de un título de dominio, sin que, por lo tanto, equivalga a una declaración de derechos. *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953). El mencionado estatuto le permite a toda persona, que desee inmatricular una finca en el Registro de la Propiedad, inscribirla, siempre que cumpla con los requisitos dispuestos en la referida ley. Así pues, dicho procedimiento no declara derechos, sino que justifica la posesión del bien inmueble por parte del promovente. *Íd.* "Tampoco puede utilizarse para obtener la división de una propiedad poseída en común proindiviso". Oquendo v. Registrador, 78 DPR 118 (1955). En consecuencia, el juez únicamente está facultado para declarar

justificado o no el dominio de los bienes. *Toro v. Registrado*r, 25 DPR 472, 476 (1917). Aunque dicho recurso permite justificar el dominio, no equivale a una acción declaratoria de usucapión. Art. 191 de la Ley Núm. 210-215, 30 LPRA sec. 6297.

Por otra parte, la referida Ley Núm. 210-2015 dispone que todo propietario que carezca de título inscribible de dominio podrá inscribirlo, si cumple con los requisitos esbozados en esta. Los requisitos aludidos son, en lo pertinente, los siguientes:

1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:

   a. Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.

   b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán, además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.

   c. Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.

   d. Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.

   e. Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

   f. Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.

   g. El modo en que adquirió del inmediato anterior dueño.

h. El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción pro indivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.

j. El valor actual de la finca.

k. Las pruebas legales que se dispone a presentar.

l. Las demás alegaciones que en derecho procedan en cada caso.

## B. Segregación de Fincas

La segregación de fincas ocurre cuando se segrega parte de una finca para formar una nueva. Artículo 147 de la Ley Núm. 210-2015, supra, 30 LPRA § 6221. Cuando esto ocurra, se inscribirá la porción segregada con un numero diferente. *Íd.* Se tomará razón de esta circunstancia al margen de la finca matriz, haciendo referencia a la cabida del predio que fue segregado y el número de los datos registrales de la finca bajo el cual ha quedado inscrito. *Íd.* El Artículo 148 de la ley citada establece los siguientes tres requisitos para que una escritura de segregación pueda quedar inscrita:

1. Resolución de autorización de la agencia o dependencia gubernamental estatal o municipal designada por ley para autorizar la segregación.
2. Plano de Inscripción aprobado por la agencia o dependencia gubernamental estatal o municipal correspondiente.
3. Escritura pública en la que comparecen todos los titulares y en la que se describa el remanente de la finca principal luego de las segregaciones, si alguno, excepto en los casos dispuestos por reglamento. Art 148 de la Ley 210-2015, supra, 30 LPRA sec. 6291.

### III. Aplicación del Derecho a los hechos

Los apelantes sostienen que el foro primario incidió al desestimar la petición de expediente de dominio bajo el fundamento de que *no se proveyó documentación alguna para evidenciar que el predio objeto de la Petición fue segregado de la finca de mayor cabida*. Sobre este asunto, arguyen que procedía que el TPI declarara justificado el dominio, según fue solicitado en la *Petición*, pues la posesión alegada *y probada* por estos resultaba suficiente para tal propósito, sin que fuera necesario tener justo título, ni buena fe. Añaden que no era necesaria una segregación, pues ello solo es exigible cuando la finca sobre la que se pretende probar el dominio ha sido segregada de una finca inscrita, y, en este caso, la finca no está inscrita.

A lo anterior el Procurador General opone, en síntesis, que aunque los apelantes aluden a la prueba documental presentada ante el TPI para sostener su teoría legal, no tomaron en consideración que en el juicio en su fondo el foro primario aquilató, además, prueba testifical. Con relación a la prueba testifical desfilada, el Procurador General aduce que, precisamente, fue a través de esta que quedaron establecidos los siguientes tres hechos sobre el predio: (1) que era una finca grande; (2) que fue segregada; (3) pero no hay evidencia de la segregación. A partir de lo cual, afirma la misma parte, los apelantes no pusieron en posición a este Foro intermedio para intervenir con las determinaciones de hechos del TPI, en tanto no incluyeron, junto al recurso de apelación, una transcripción de la prueba oral desfilada en el juicio.

Tiene razón el Procurador General, estamos impedidos de intervenir con la adjudicación apelada, en tanto desconocemos la prueba testifical desfilada. Por una parte, los apelantes no pueden afirmar *haber probado la posesión alegada*, en tanto nos negó auscultar la prueba testifical desfilada sobre el asunto. Es decir, carecemos por completo de

la prueba testimonial que tuvo ante sí el foro apelado para llegar a cualquier conclusión relativa a si los apelantes lograron probar o no la posesión del predio, y en los términos que alegaron.

Continuando con el mismo tema, nos resulta claro que la *Sentencia* apelada respondió a una evaluación conjunta de la prueba documental y testifical desfilada ante el foro primario, pues así se hizo constar en dicho dictamen. Por tanto, la completa ausencia en el *recurso de apelación* de algún medio de reproducción de los testimonios vertidos en sala, nos niega la posibilidad de valorar tal prueba, y con ello, de intervenir con las determinaciones de hechos del foro primario y las conclusiones de derecho que se pudieran derivar de esta. En este sentido, resultaba necesario confrontar toda la prueba que tuvo ante su consideración el TPI, (la documental, junto a la testifical), para justipreciar el razonamiento de dicho foro sobre si existía un predio mayor del cual no se hizo segregación o, de existir la segregación, si había sido debidamente aprobada por la agencia concerniente. Es decir, no cabía limitarnos a la sola apreciación de la prueba documental que tuvo ante su atención el foro primario, cuando, a todas luces, al considerar el asunto sobre la presunta segregación del predio descrito de un predio mayor, fue parte de la prueba testifical desfilada. Esto, claro está, tiene relación directa con el impedimento a que una *Petición de dominio* sea utilizada para llevar a cabo una segregación u obtener la división de una propiedad poseída en común, conclusión a la que llega el foro apelado.

Como se sabe, en consideración a la norma de corrección que cobija a las determinaciones realizadas por el TPI, cuando un peticionario (aquí apelante) señala errores dirigidos a cuestionar la apreciación o suficiencia de la prueba, la naturaleza del derecho apelativo requiere que éste ubique al foro revisor en tiempo y espacio de

lo ocurrido en el foro primario utilizando alguno de los mecanismos de recopilación oral, como lo son: (1) transcripción de la prueba; (2) exposición estipulada; (3) exposición narrativa. *Pueblo v. Pérez Delgado*, 2023 TSPR 35. Los tribunales de mayor jerarquía no pueden cumplir a cabalidad su función revisora sin que se le produzca, mediante alguno de estos mecanismos, la prueba que tuvo ante sí el foro primario. *Íd*. Los tribunales apelativos no deben intervenir con la apreciación de la prueba oral hecha cuando no se tiene forma de evaluar la evidencia presentada debido a que la parte promovente no elevó una transcripción o una exposición narrativa de la prueba. *Íd*.

En definitiva, no fuimos puestos en posición de intervenir con la determinación del TPI al concluir que el apelante pretende inscribir una porción proindivisa de una finca que no ha sido segregada. Por lo tanto, adhiriéndonos a la presunción de corrección que acompaña a las determinaciones del TPI, nos corresponde confirmar. Contrario a lo que parecen sugerir los apelantes, la determinación apelada no responde únicamente a la consideración de la prueba documental admitida como exhibit, sino también a la evaluación de la prueba testifical, que no hemos podido sopesar.

**IV. Parte dispositiva**

Por lo explicado, determinamos confirmar la sentencia apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones