Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| MARISOL MORALES ROSARIO<br><br>Peticionaria<br><br><br>EX PARTE | KLCE202400683 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: SG2023CV00614 (307)<br><br>Sobre:<br><br>Expediente de Dominio |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de agosto de 2024.

Comparece la Sra. Marisol Morales Rosario (en adelante, señora Morales Rosario o peticionaria) y solicita que revisemos una *Resolución* emitida 17 de mayo de 2024 por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI). Mediante dicho dictamen, el foro primario desestimó la Petición sobre Expediente de Dominio por ser improcedente en derecho.[1]

Tras evaluar el expediente ante nuestra consideración, adelantamos que denegamos la solicitud de *certiorari.* Explicamos.

**-I-**

El caso ante nuestra consideración tiene su génesis el 2 de octubre de 2023, cuando la peticionaria presentó una *Petición Sobre Expediente de Dominio* ex parte. En la misma, alegó haber adquirido una propiedad en el Barrio Sana Yaguas del municipio de Lajas, Puerto Rico, mediante compraventa el 20 de julio de 2023.[2]

---

[1] Apéndice del recurso, Anejo XLVIII, págs. 490-493. Archivada y notificada en autos el 21 de mayo de 2024. El 3 de junio de 2024 el TPI declaró no ha lugar una solicitud de reconsideración presentada por la peticionaria. Anejo L, pág. 507 del Apéndice.
[2] *Íd.*, Anejo I, págs. 1-29.

El 10 de octubre de 2023, el Registro de la Propiedad expidió una *Certificación de Propiedad Inmueble*. De esta surge que no resulta inscrito el solar identificado de acuerdo al plano catastral con el número 358-073-167-01-000.[3]

Luego, el 23 de octubre de 2023, el TPI emitió una *Orden en Solicitud de Documentos*.[4] La peticionaria presentó los documentos solicitados entre el 30 de noviembre de 2023 y el 13 de diciembre de 2023.[5] El 28 de diciembre de 2023, el TPI dio por cumplida la orden mediante Resolución, notificada el 2 de enero de 2024.[6]

Ese mismo día, el foro primario emitió otra *Orden*. Mediante esta, le concedió a la peticionaria un término de veinte (20) días para someter las certificaciones registrales y los folios digitalizados de las fincas indicadas.[7] La señora Morales Rosario presentó los documentos solicitados entre el 3 de enero de 2024 y el 16 de enero de 2024.[8]

Tras varios trámites procesales que resulta innecesario pormenorizar aquí, el TPI emitió una *Orden de Señalamiento de Vista Mediante Videoconferencia* para el 13 de marzo de 2024.[9] Posteriormente, el 23 de enero de 2024, la representación legal de la peticionaria solicitó el relevo de representación legal.[10] El 25 de enero de 2024, la peticionaria presentó una *Moción Solicitando Reseñalamiento de Vista Mediante Video Conferencia*.[11]

Así las cosas, el 23 de enero de 2024, notificada el 31 de enero de 2024, el foro primario aceptó la renuncia de la antigua representación legal de la peticionaria.[12] Además, el TPI emitió una

---

[3] *Íd.*, Anejo VI, págs. 49-50.
[4] *Íd.*, Anejo XII, pág. 57.
[5] Apéndice de la Solicitud de *Certiorari*, Anejos XIII-XVIII, págs. 58-154.
[6] *Íd.*, Anejos XIX y XX, págs. 155 y 156.
[7] *Íd.*, Anejo XXI, pág. 157.
[8] *Íd.*, Anejos XXII-XXIV, págs. 158-330.
[9] *Íd.*, Anejo XXIX, págs. 335.
[10] Apéndice de la Solicitud de *Certiorari*, Anejo XXXI, pág. 339.
[11] *Íd.*, Anejo XXXII, pág. 340.
[12] *Íd.*, Anejo XXXIII, pág. 341.

*Resolución y Orden,* mediante la cual reseñaló la Vista Especial Inicial para el 3 de abril de 2024.[13]

El 23 de febrero de 2024, la peticionaria presentó varios documentos mediante *Moción en Cumplimiento de Orden,*[14] y el TPI emitió una *Resolución* en la que dio por cumplida su Orden.[15]

La peticionaria solicitó la regrabación de la Vista Inicial el 7 de abril de 2024.[16] Al día siguiente, el TPI notificó la *Minuta.* El foro primario le informó a la peticionaria que, conforme a su análisis del caso, la finca fue segregada y hay un remanente. Además, el TPI le concedió un término de treinta (30) días para que informara si iba a desistir o cumplir con los requisitos.[17] El 1 de mayo de 2024 la peticionaria cumplió con lo ordenado en corte abierta.[18]

Sometido el asunto ante su consideración, el 17 de mayo de 2024, el TPI emitió su *Resolución,* notificada el 21 de mayo de 2024. Mediante esta, el foro primario declaró injustificado el dominio de la propiedad por ser improcedente en derecho.[19]

Insatisfecha, el 2 de junio de 2024, la peticionaria presentó una *Reconsideración.*[20] Al día siguiente, el TPI la declaró No Ha Lugar mediante Resolución, notificada el 4 de junio de 2024.[21]

Inconforme aún, el 20 de junio de 2024, la señora Morales Rosario acudió ante nosotros mediante el recurso de *certiorari* e imputó la comisión de los siguientes errores:

1. Erró el Tribunal de Primera Instancia al concluir que, en el presente caso, el expediente de dominio no es el recurso adecuado para declarar justificado el dominio para obtener la inscripción del inmueble en el Registro.
2. Erró el Tribunal de Primera Instancia al adjudicarse facultades que no le correspondía y no evaluar el desfile de prueba presentado (meramente con la investigación

---

[13] *Íd.,* Anejo XXXIV, pág. 342.
[14] *Íd.,* Anejo XXXV, págs. 343-349.
[15] *Íd.,* Anejo XXXVI, pág. 350.
[16] *Íd.,* Anejo XXXIX, pág. 353.
[17] *Íd.,* Anejo XLI, págs. 358-359.
[18] *Íd.,* Anejos XLVI y XLVII, págs. 364-457 y 458-489.
[19] *Íd.,* Anejo XLVIII, págs. 490-493.
[20] *Íd.,* Anejo XLIX, págs. 494-506.
[21] *Íd.,* Anejo L, *supra,*

que *motu proprio* llevó a cabo) determinar no justificado el dominio.

3. Erró el Tribunal de Instancia, al ignorar la última prueba sometida y determinar que no está justificado el dominio.

4. Erró el Tribunal de Primera Instancia al concluir que el referido solar forma parte de la Finca Número 558 de Lajas.

5. Erró el Tribunal de Primera Instancia al concluir que la Finca Número 558 de Lajas es el "remanente" de un proyecto de Urbanización el cual está inscrito a favor de EL VALLE DEVELOPMENT CORPORATION y el solar objeto de la petición forma parte del remanente inscrito; aun cuando de la propia prueba presentada surge que el terreno objecto de la acción es colindante con la mencionada finca.

6. Erró el Tribunal de Primera Instancia al ordenar que procede presentar el correspondiente trámite administrativo a los fines de obtener los permisos para practicar la segregación y la consecuente inscripción en el Registro de la Propiedad conforme a la Ley 210-2015, Ley del Registro de la Propiedad Inmobiliaria.

7. Erró el Tribunal de Primera Instancia al negarse a justificar el dominio de la propiedad en manos de la peticionaria.

8. Erró el Tribunal de Primera Instancia al actuar con pasión, prejuicio y parcialidad, violando el derecho de la peticionaria a un proceso justo e imparcial, y el Debido Proceso de Ley en su vertiente procesal.

9. Erró el Tribunal de Primera Instancia al desestimar esta petición por ser improcedente en derecho.

En vista de los errores imputados al TPI, exponemos la normativa jurídica atinente a este recurso.

**-II-**

**A. *Certiorari***

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *McNeil McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403-404, (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020), *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Cabe precisar que el *certiorari* es el recurso de revisión disponible para revisar determinaciones post-sentencia.

Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, prescribe los criterios que debemos tomar en consideración al momento de determinar si expedimos o denegamos el auto solicitado:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

### B. Expediente de dominio

El Artículo 185 de la Ley Núm. 210-2015, 30 LPRA sec. 6291, conocida como la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico, (Ley Núm. 210-2015) regula el mecanismo de expediente de dominio, un procedimiento *ex parte.* Este mecanismo puede ser considerado como un acto de jurisdicción voluntaria, mientras no se suscite contienda entre las partes conocidas y determinadas. *Benítez* v. *Registrador*, 71 DPR 563, 568 (1950). El Tribunal Supremo ha dispuesto que el expediente de dominio tiene el exclusivo efecto de habilitar de título (posesorio) o de dominio al que no lo tenga. *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953).

Dicho procedimiento no declara derechos, sino que justifica la posesión del bien inmueble por parte del promovente. *Íd.* El mecanismo de expediente de dominio no puede utilizarse para obtener la división de una propiedad poseída en común proindiviso. *Oquendo v. Registrador*, 78 DPR 118 (1955). Por tanto, el juez solo está facultado para declarar justificado o no el dominio de los bienes. *Toro v. Registrado*r, 25 DPR 472 (1917).

La Ley Núm. 210-2015 le permite a todo propietario que carezca de título inscribible de dominio y desee inmatricular una finca en el Registro de la Propiedad, inscribirla, siempre que cumpla con los siguientes requisitos:

1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:

    a. Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.

    b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán, además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.

    c. Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.

    d. Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.

    e. Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

f. Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.

g. El modo en que adquirió del inmediato anterior dueño.

h. El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción pro indivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.

j. El valor actual de la finca.

k. Las pruebas legales que se dispone a presentar.

l. Las demás alegaciones que en derecho procedan en cada caso.

Art. 185 de la Ley 210-2015, supra, 30 LPRA sec. 6291.

### C. Segregación

Cuando se segregue parte de una finca para formar una nueva, se inscribirá la porción segregada con un numero diferente. Artículo 147 de la Ley Núm. 210-2015, supra, 30 LPRA sec. 6221. Se tomará razón de esta circunstancia al margen de la finca matriz, haciendo referencia a la cabida del predio que fue segregado y el número de los datos registrales de la finca bajo el cual ha quedado inscrito. *Íd.* Para que una escritura de segregación pueda quedar inscrita, el Artículo 148 de la ley citada establece los siguientes tres requisitos:

1. Resolución de autorización de la agencia o dependencia gubernamental estatal o municipal designada por ley para autorizar la segregación.
2. Plano de Inscripción aprobado por la agencia o dependencia gubernamental estatal o municipal correspondiente.

3. Escritura pública en la que comparecen todos los titulares y en la que se describa el remanente de la finca principal luego de las segregaciones, si alguno, excepto en los casos dispuestos por reglamento.

Art. 148 de la Ley 210-2015, supra, 30 LPRA sec. 6222.

**-III-**

En sus nueve (9) señalamientos de error, la peticionaria aduce, en síntesis, que incidió el TPI al desestimar el pleito de epígrafe. La peticionaria arguye que el foro primario erró al concluir que el expediente de dominio no es el recurso adecuado para declarar justificado el dominio para obtener la inscripción del inmueble en el Registro. Por estar íntimamente relacionados entre sí, procedemos a discutir todos los errores de manera conjunta. Adelantamos que no le asiste la razón a la peticionaria.

En el caso de autos, el TPI concluyó que no procedía la causa de acción incoada de expediente de dominio, pues lo que reclamó la peticionaria era que se ordenara la inscripción de un solar que forma parte de una finca ya inscrita a favor de una corporación. Según esbozado, el propósito del expediente de dominio es inmatricular una finca que no conste en el Registro de la Propiedad, a fines de armonizar la realidad jurídica con la registral.

Corresponde al Tribunal de Primera Instancia recibir la prueba y determinar si de los hechos específicos que en su día se prueben, se justifica la concesión de un remedio sobre dicho aspecto de la reclamación. Conforme a lo anterior, el TPI analizó los documentos presentados y celebró una vista.

Asimismo, como foro revisor, estudiamos la prueba documental, ya que la parte peticionaria no presentó transcripción de los procedimientos, y notamos que la descripción de la propiedad descrita por dicha parte no concuerda con la realidad de los documentos sometidos. La propiedad descrita en la Escritura de Donación entre la señora Carmen María Nazario Sepúlveda y el

señor Salomón Rodríguez Nazario tiene una cabida de 450.00 metros cuadrados.[22]   Por su parte la propiedad descrita en el Contrato de Opción de Compra entre el Sr. Rodríguez Nazario y la peticionaria también tiene una cabida de 450.00 metros cuadrados.[23] Sin embargo, conforme a la Escritura de Compraventa y a la Petición sobre Expediente de Dominio, esta tiene una cabida de 370.2637 metros cuadrados.[24]

Conforme a la Certificación de Propiedad Inmueble expedida por el Registro de la Propiedad, el solar identificado no resulta inscrito.[25]   Sin embargo, tal y como concluyera el TPI, todo indica que ello se debe a que el mismo forma parte de una finca mayor ya inscrita a favor de El Valle Development Corporation.  Precisamente esta incertidumbre, que no ha podido ser rebatida por la parte peticionaria, valida el resultado alcanzado por el foro primario.

Luego de examinar minuciosamente el expediente de autos, concluimos que no erró el TPI al desestimar el pleito de epígrafe. La parte peticionaria no nos persuadió de que el TPI hubiese cometido error alguno, mucho menos uno que justifique nuestra intervención con lo determinado por el foro primario. Reiteramos que los tribunales apelativos no debemos intervenir con las determinaciones de los tribunales primarios salvo se demuestre que se actuó en abuso de su discreción, haya mediado prejuicio o parcialidad. Por lo cual, ante la falta de estas circunstancias, las determinaciones realizadas por los foros inferiores merecen nuestra deferencia.

Así las cosas, la peticionaria deberá efectuar los trámites para segregar e inscribir la finca objeto de su petición, conforme a lo dispuesto en la Ley 210-2015, *supra.*

---

[22] Apéndice de la Solicitud de *Certiorari*, Anejo I, pág. 15.
[23] *Íd.*, pág. 19.
[24] *Íd.*, Anejo I, págs. 2 y 8.
[25] *Íd.*, Anejo VI, pág. 50.

**-IV-**

Por los fundamentos que anteceden, se deniega la solicitud de *certiorari.*

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones