NICOLÁS NIEVES OSORIO, su esposa RAFAELA RODRÍGUEZ GARCÍA y la SOCIEDAD LEGAL DE GANANCIALES compuesta por ambos, Ex parte, peticionarios y recurrentes.

*Número:* RE-90-403          *Resuelto:* 4 de febrero de 1991

*Juan del Valle Rodríguez,* abogado de los recurrentes; *Jorge E. Pérez Díaz, Procurador General, Norma Cotti Cruz, Subprocuradora General, Anabelle Rodríguez* y *María Adaljisa Dávila, Procuradoras Generales Auxiliares,* en informe.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

## I

Nicolás Nieves Osorio y su esposa Rafaela Rodríguez presentaron ante el Tribunal Superior, Sala de Carolina, una petición sobre expediente de dominio. Celebrada la vista evidenciaria, dicho foro (Hon. German J. Brau, Juez) denegó la petición. Concluyó que la propiedad en cuestión nunca había sido tasada para fines contributivos y carecía de número de catastro. En consecuencia, resolvió que los peticionarios no habían cumplido con el requisito estatutario de presentar el "[n]úmero de codificación según aparece del Negociado de Tasación del Departamento de Hacienda". Art. 237 de la Ley Hipotecaria y del Registro de la Propiedad de 1979 (30 L.P.R.A. sec. 2762).

Inconformes, acudieron ante nos. Concedimos al Procurador General un término para que expusiera su posición al respecto. La cuestión es novel.

## II

Reiteramos una vez más que los requisitos establecidos por la Ley Hipotecaria y del Registro de la Propiedad "para la tramitación de un expediente de dominio son esenciales y de cumplimiento estricto". *Álvarez Rivera v. Registrador,* 84 D.P.R. 229, 230 (1961). Coincidimos con el ilustrado foro de instancia en que "la política adoptada por la nueva Ley Hipotecaria es de exigir que todos los inmuebles que sean elevados al Registro por la vía judicial . . . sean presentados para tasación ante el Negociado correspondiente del Departamento de Hacienda para la fijación de su responsabilidad fiscal". Anejo A, pág. 1. No obstante, resolvemos que incidió al denegar la presente petición. Nos explicamos.

■ Originalmente, la Ley Hipotecaria de 1893 no requería el "[n]úmero de codificación según aparece del Negociado de Tasación del Departamento de Hacienda". Art. 391 (30 L.P.R.A. sec. 733). Este requisito se incorporó por enmienda efectuada en virtud de la Ley Núm. 84 de 5 de junio de 1973. Se mantuvo al aprobarse la Ley Hipotecaria y del Registro de la Propiedad de 1979, Art. 237 (30 L.P.R.A. sec. 2762).

■ El historial legislativo de la Ley Núm. 84 revela que el único propósito visualizado fue lograr una "mejor localiza[ción] e identifica[ción de] la propiedad que el solicitante pretende inscribir como suya . . .". Informe de la Comisión de lo Jurídico Civil del Senado sobre el P. del S. 148 de 27 de abril de 1973. De ese modo se facilitó grandemente la labor investigativa del Ministerio Fiscal. Se le proveyó de mejores elementos de juicio para poder emitir un dictamen responsable en torno a si la propiedad pertenecía al Estado o era de dominio público. Simultáneamente, con el número de codificación podía, a través del sistema de catastro contributivo sobre propiedad inmueble existente en el Departamento de Hacienda, conocer sus límites.

■ Los antecedentes legislativos también reflejan que, antes de aprobarse finalmente la enmienda, se modificó su redacción para disponer que se informaría el número de codificación "si existiere" en el Departamento de Hacienda.

> La enmienda propuesta recoge una realidad y es que un gran número de fincas en Puerto Rico no tienen el número de codificación que para otras ha provisto el Negociado de Tasación del Departamento de Hacienda. Y *podría darse el caso por la forma mandatoria que se expresa en el proyecto que un Tribunal competente [no] admita la petición de información de Dominio por no indicarse el número de codificación que provee el Departamento de Hacienda.* Informe de la Comisión de lo Jurídico Civil de la Cámara de 3 de mayo de 1973.

De ahí que la ley establezca que deberá presentarse el "número de Codificación *según aparece* del Negociado de Tasación del Departamento de Hacienda". (Énfasis suplido.)

## III

En el caso que nos ocupa, se certificó[1] por el Departamento de Hacienda que la finca a ser inscrita carecía del número de codificación pues no había sido tasada.

■ En estas circunstancias, denegarle a los peticionarios Nieves-Rodríguez la inscripción del Dominio va en contra de la intención del legislador de permitir su acceso al Registro de la Propiedad, aun cuando el Negociado de Tasación no haya provisto un número de codificación de la finca. Evidentemente, la tasación no es un requisito *a priori*.

*Se dictará sentencia revocatoria con instrucciones al tribunal de instancia de que continúen los procedimientos ulteriores necesarios conforme lo resuelto.*

---

[1] Dispone:
"La propiedad arriba indicada no ha sido tasada para fines contributivos, oportunamente se tasará. Nota: No tenemos conocimiento de estatuto que indique que la propiedad debe estar tasada para ser inscrita en el Registro de la Propiedad . . . . Nota: La experiencia y observación nos indica [sic] que existen [sic] un sinnúmero de propiedades que se inscriben en el Registro y que en ese momento no están tasadas. Lo observamos en urbanizaciones y condominios de reciente construcción." Anejo F.