| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL II | | |
| LILLIAM CRUZ BERRIOS<br><br>Peticionaria<br><br>v.<br><br>EX PARTE | KLAN202300815 | *Apelación*<br>procedente del<br>Tribunal de Primera<br>Instancia, Sala de<br>Humacao<br><br>Caso Núm.<br>HU2021CV01122<br><br>Sobre:<br>Expediente de<br>Dominio;<br>Usucapión |

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 12 de diciembre de 2023.

I.

El 18 de octubre de 2021, la Sra. Lilliam Cruz Berríos instó *Petición* sobre prescripción ordinaria y/o extraordinaria del dominio ante el Tribunal de Primera Instancia. Alegó ser legítima dueña de la finca en controversia, sita en el Barrio Marina de Humacao.[1] Sostuvo que había heredado dicha finca de su padre y sus abuelos, quienes la habían poseído de manera pública, pacífica y en calidad de dueños durante sesenta y tres (63) a sesenta y ocho (68) años, sin que su posesión hubiese sido interrumpida ni reclamada.

Tras varias incidencias procesales, el 23 de mayo de 2023 dio comienzo el juicio en su fondo. Mientras que, el 4 de agosto de 2023, el Agrimensor Orlando Fuentes Rondón emitió una *Certificación de*

---

[1] La descripción del solar es la siguiente:
**"RÚSTICA**: Predio de terreno sito en el Barrio Mariana de Humacao, carretera 908 kilómetro 8.7 compuesto de cincuenta y cuatro mil veintisiete punto tres mil quinientos sesenta y ocho (54,027.3568 m/c). En lindes por el **NORTE** con Mercedes Rodríguez; por el **SUR** con Carlos Vega; por el **ESTE** con Dolores Silva y Benito Rodríguez; por el **OESTE** con Susana Silva, Celestina Santiago, Silveria Silva y Carlos Silva".
No consta inscrita en el Registro de la Propiedad.
Número de Catastro: 329-012-492-32-000.

*Mensura* donde constató que, en junio del 2000 fue contratado por la señora Cruz Berríos para mensurar la siguiente finca:

> "**RÚSTICA**: Parcela (A) predio de terreno radicado en el barrio Mariana de Humacao, Puerto Rico, con una cabida superficial de veinticinco mil setecientos treinta y siete punto nueve mil setecientos noventa y ocho metros cuadrados (25,737.9798) equivalentes a seis punto cinco mil cuatrocientos ochenta y cuatro cuerdas (6.5484). En lindes por el **NORTE**, con Mercedes Rodríguez; por el **SUR**, con Silverio Silva; por el **ESTE**, con la carretera estatal nueve mil novecientos ocho (9908) y Cesar Cintrón; por el **OESTE**, con Susana Silva, Celestina Santiago, Silveria Silva y Carlos Silva".

> "**RÚSTICA**: Parcela (B) predio de terreno radicado en el barrio Mariana de Humacao, Puerto Rico, con una cabida superficial de treinta mil ciento cincuenta y cuatro punto ocho mil trecientos treinta y cuatro metros cuadrados (30,154.8334) equivalentes a siete punto seis mil setecientos veintidós cuerdas (7.6722). En lindes por el **NORTE**, con Dolores Silva; por el **SUR**, con Carlos Vega; por el **ESTE**, con Benito Rodríguez; por el **OESTE**, con la carretera estatal nueve mil novecientos ocho (9908)".

En la continuación del juicio en su fondo, el 7 de agosto de 2023 compareció mediante videoconferencia como testigo pericial de la señora Cruz Berríos, el agrimensor Fuentes Rondón. Posteriormente, el 14 de agosto de 2023, notificada el 16, el Tribunal de Primera Instancia emitió *Sentencia* mediante la cual declaró "No Ha Lugar" la Petición de Expediente de Dominio. Previa denegatoria de *Moción de Reconsideración*, la señora Cruz Berríos, apeló ante nos el 15 de septiembre de 2023. Plantea:

> **ERRÓ EL HON. TRIBUNAL DE INSTANCIA AL INTERPRETAR EL ARTÍCULO 185(1)(B) DE LA LEY 210 DE 2015 YA QUE DICHO ARTÍCULO ESTABLECE CLARAMENTE QUE ES AL PROPIETARIO Y NO AL AGRIMENSOR QUE MENSURA UNA FINCA QUIÉN CORRESPONDE TESTIFICAR SOBRE LA CORRECCIÓN DE LOS LINDEROS DE LA FINCA DESDE SU FORMACIÓN HASTA EL PRESENTE.**

Contando con el beneficio del expediente y la transcripción de la vista, procedemos a resolver.

II.

A.

El Art. 185 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Ley Núm. 210-2015,[2] rige el procedimiento de expediente de dominio mediante el cual un propietario puede justificar su dominio sobre un bien inmueble a los fines de poderlo inscribir en el Registro. Dispone:

Todo propietario que carezca de título inscribible de dominio, podrá inscribirlo si cumple con los siguientes requisitos:

1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:

a. Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.

b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.

c. Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.

d. Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.

e. Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

f. Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.

g. El modo en que adquirió del inmediato anterior dueño.

h. El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

---

[2] 30 LPRA § 6291.

i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción proindivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.

j. El valor actual de la finca.

k. Las pruebas legales que se dispone presentar.

l. Las demás alegaciones que en derecho procedan en cada caso.

2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:

a. Alcalde del municipio en que radiquen los bienes.

b. Secretario de Transportación y Obras Públicas.

c. Fiscal de Distrito.

d. Las personas que están en la posesión de las fincas colindantes.

Conforme la citada disposición estatutaria, cualquier propietario que pretenda inscribir una propiedad sobre la cual no ostente título inscribible de dominio, puede hacerlo previo cumplimiento con una serie de formalidades. Entre las formalidades a cumplir, el inciso (1)(b) exige "[l]a descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados".

Estos requisitos legales para la tramitación de un expediente de dominio, esenciales y de cumplimiento estricto,[3] son la carga probatoria que tiene que superar quien lo solicita. Cumple con ella, a través de cualquier medio de prueba establecido en las Reglas de Evidencia y superando el *quantum* de prueba correspondiente a los casos de naturaleza civil. Según la Regla 110 (F) de Evidencia, "[e]n los casos civiles, la decisión de la juzgadora o del juzgador se hará mediante la preponderancia de la prueba a base de criterios de

---

[3] *Nieves Osorio, Ex Parte*, 127 DPR 907 (1991).

probabilidad, a menos que exista disposición, al contrario".[4]

III.

La señora Cruz Berríos alega que el Tribunal de Primera Instancia erró al denegar su petición de expediente de dominio debido a que interpretó que el Art. 185(1)(B) de la Ley Núm. 210-2015, exige que un agrimensor y no el propietario, testifique sobre la corrección de los linderos de la finca objeto de la petición. No tiene razón. Veamos por qué.

El argumento de la señora Cruz Berríos parte de la equivocada premisa de que el Foro *a quo* exigió que la prueba sobre los linderos de la finca la ofreciera un agrimensor. Su lectura del estatuto rector no es correcta. Cuando dicho estatuto impone sobre el propietario del bien cuya inscripción se pretende la carga de probar la descripción exacta de la propiedad con sus colindancias y cabida, no establece un medio de prueba específico ni una prueba particular para hacerlo. Simplemente, refleja los principios evidenciarios de nuestro ordenamiento probatorio, de que, al determinar cuáles hechos han quedado establecidos o demostrados, la juzgadora o el juzgador de hechos deberá evaluar la evidencia presentada considerando que "[e]l peso de la prueba recae sobre la parte que resultaría vencida de no presentarse evidencia por alguna de las partes" y que "[l]a obligación de presentar evidencia primeramente recae sobre la parte que sostiene la afirmativa en el asunto en controversia".[5]

Precisamente, el foro *a quo* razonó, que la prueba ofrecida en evidencia a esos fines, vertida a través del testimonio del agrimensor o del testimonio de la peticionaria Cruz Berríos, fue insuficiente para ponerle en posición de decidir si en efecto la señora Cruz Berríos era la titular del bien. Como señalamos, el Art. 185 de la Ley Núm. 210-

---

[4] Regla 110 de Evidencia, 32 LPRA Ap. VI, R. 110.
[5] Íd.

2015 impone sobre el propietario el deber de ofrecer la prueba necesaria para cumplir con todas las formalidades establecidas en el procedimiento de expediente de dominio.

Si bien es cierto que el tribunal sentenciador consignó en su *Sentencia* que el testimonio del agrimensor no permitió determinar con exactitud las cabidas exactas de la propiedad objeto de controversia, también consignó, que, "le correspondía a la peticionaria [señora Cruz Berríos] demostrar la descripción exacta de la propiedad con sus colindancias y cabida, lo que no ocurrió en el presente caso. De los testimonios ofrecidos no se puede identificar con claridad la finca de la cual la Sra. Lilliam Cruz Berríos solicita se declare su dominio. Por lo tanto, no se ha puesto en posición a este Tribunal para poder conceder la petición de expediente de Dominio que se solicita".

Hemos corroborado la prueba oral admitida en evidencia y, tratándose de la apreciación que de esta tuvo el tribunal recurrido, no debemos intervenir a menos que dicho Foro haya cometido error manifiesto. La señora Cruz Berríos no nos ha demostrado que ese sea el caso. Procede *confirmar* el dictamen recurrido.

IV.

Por los fundamentos antes expuestos, se *confirma* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones