Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ALBERTO SALAS ROMAN<br><br>Peticionario<br><br>EX PARTE | KLCE202301344 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm. AG2023CV00227<br><br>Sobre: Expediente de Dominio |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

I.

El 20 de febrero de 2023, el Sr. Alberto Salas Román presentó *Petición* sobre expediente de dominio ante el Tribunal de Primera Instancia para inscribir a su favor una finca sita en el Barrio Hoyamala en San Sebastián con el número de catastro 100-037-001-06-001. Alegó, ser el legítimo dueño de la finca y sostuvo haberla poseído por treinta y dos (32) años de manera pública, pacífica, y continua por el término que establece la ley. Alegó haberla adquirido mediante contrato de compraventa privado, el cual fue extraviado por sus anteriores dueños y debidamente ratificada dicha compraventa por sus herederos.

Añadió, que la finca tiene un valor de $60,000 y que cuenta con los servicios de energía eléctrica y agua potable bajo su nombre. Además, que la finca fue mensurada por el Agrimensor José I. Viruet Ramos, Licencia 16,094 y que dicha mensura fue aprobada por la Oficina de Gerencia de Permisos (OGPe) el día 2 de diciembre de 2022. Para efectos del CRIM el número del caso fue 2022-463376-API-015933 y resultó con la siguiente descripción:

Número Identificador

SEN2024_____

> **RÚSTICA:** Sita en el Barrio Hoyamala del término municipal de San Sebastián, Puerto Rico, con una cabida superficial de 779.7662 metros cuadrados, equivalentes a 0.1984 cuerdas; en lindes al NORTE, con Leonardo Salas Quiles; al SUR, con Leonardo Salas Quiles; al ESTE, con Camino Municipal; y al OESTE, con Gilberto Jiménez. Dicha propiedad contiene una estructura destinada a vivienda.--------------------------

Celebrada la vista en su fondo el 22 de septiembre de 2023, el 3 de noviembre de 2023, notificada el 6, el Tribunal de Primera Instancia dictó *Sentencia* declarando No Ha Lugar la *Petición* y desestimó el caso sin perjuicio. Se fundó en que no se había cumplido con los requisitos de segregación. Rechazada el 21 de noviembre de 2023 una oportuna *Moción Urgente de Reconsideración*, el 30 de noviembre de 2023, el señor Salas Román recurrió ante nos mediante *Certiorari*. Plantea:

> **Primer error:**
>
> Erró el TPI al declarar no ha lugar la petición de expediente de dominio para inscribir un predio de terreno por no haber cumplido con los requisitos de segregación, según el artículo 148 de la ley de Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, de un predio no inscrito que tiene identidad propia hace 32 años.
>
> **Segundo error:**
>
> Erró el TPI al declarar no ha lugar la petición de expediente de dominio violando así el debido proceso de ley al no tomar en consideración la totalidad de los hechos, evidencias y derecho aplicable.

El 20 de diciembre de 2023, notificada el 21, emitimos *Resolución* concediéndole a la Oficina del Procurador General de Puerto Rico, treinta (30) días para presentar su oposición. En su *Alegato en Oposición* el Procurador General alega, entre otras cosas, que no procede el expediente de dominio ya que la finca cuyo dominio se pretende inscribir es parte de una finca de mayor cabida, y no hay evidencia de que esta haya sido segregada.[1] Con el beneficio de la comparecencia de las partes, resolvemos.

---

[1] Alegó además, que el recurso debía ser desestimado por falta de jurisdicción, ya que el Sr. Salas Román había incumplido con el requisito de notificación de su portada al foro primario. En la <u>alternativa</u> sostuvo que, no podíamos dilucidar los

## II.

## A.

El Art. 185 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Ley Núm. 210-2015,[2] rige el procedimiento de expediente de dominio mediante el cual un propietario puede justificar su dominio sobre un bien inmueble a los fines de poderlo inscribir en el Registro. Dispone:

Todo propietario que carezca de título inscribible de dominio, podrá inscribirlo si cumple con los siguientes requisitos:

1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:

a. Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.

b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.

c. Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.

d. Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.

e. Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

f. Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.

g. El modo en que adquirió del inmediato anterior dueño.

h. El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica,

---

méritos del recurso pues el señor Salas Román no había solicitado ni anejado la regrabación o transcripción de la prueba oral vertida en el juicio.
[2] 30 LPRA § 6291.

continua y a título de dueños.

i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. **Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción.** No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción proindivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.

j. El valor actual de la finca.

k. Las pruebas legales que se dispone presentar.

l. Las demás alegaciones que en derecho procedan en cada caso.

2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:

a. Alcalde del municipio en que radiquen los bienes.

b. Secretario de Transportación y Obras Públicas.

c. Fiscal de Distrito.

d. Las personas que están en la posesión de las fincas colindantes.[3]

Conforme la citada disposición estatutaria, cualquier propietario que pretenda inscribir una propiedad sobre la cual no ostente título inscribible de dominio, puede hacerlo previo cumplimiento con una serie de formalidades. Entre las formalidades a cumplir, el inciso (1)(b) exige "[l]a descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados".

Estos requisitos legales para la tramitación de un expediente de dominio, esenciales y de cumplimiento estricto,[4] son la carga probatoria que tiene que superar quien lo solicita. Cumple con ella, a través de cualquier medio de prueba establecido en las Reglas de Evidencia y superando el *quantum* de prueba correspondiente a los casos de naturaleza civil. Según la Regla 110 (F) de Evidencia, "[e]n los casos civiles, la decisión de la juzgadora o del juzgador se hará

---

[3] Énfasis nuestro.
[4] *Nieves Osorio, Ex Parte*, 127 DPR 907 (1991).

mediante la preponderancia de la prueba a base de criterios de probabilidad, a menos que exista disposición, al contrario".[5]

B.

La segregación de fincas establecida en el Art. 147 de la Ley Núm. 210-2015,[6] ocurre cuando se segrega parte de una finca para formar una nueva. Ante ello, el Registrador inscribe la porción segregada con un número diferente, pero, toma razón de esta circunstancia al margen de la finca matriz, haciendo referencia a la cabida del predio que fue segregado y el número de los datos registrales de la finca bajo el cual ha quedado inscrito.[7]

El Art. 148 de la Ley Núm. 210-2015 establece los requisitos para que se pueda inscribir una escritura de segregación. Dispone:

1. Resolución de autorización de la agencia o dependencia gubernamental estatal o municipal designada por ley para autorizar la segregación.
2. Plano de Inscripción aprobado por la agencia o dependencia gubernamental estatal o municipal correspondiente.
3. Escritura pública en la que comparecen todos los titulares y en la que se describa el remanente de la finca principal y luego de las segregaciones, si alguno, excepto en los casos dispuestos por reglamento.[8]

III.

El señor Salas Román pretende que, a través del mecanismo de expediente de dominio, el Tribunal de Primera Instancia ordene la inscripción de su finca sin tener que cumplir con los requisitos de segregación, particularmente, sin contar con una aprobación de la OGPe. Arguye que, el Art. 148 de la Ley Núm. 210-2015[9] no aplica a su caso. Interpreta que cuando único se requiere el plano y la resolución aprobados por la OGPe es cuando la finca matriz de donde proviene el solar objeto del dominio está inscrita y en este

---

[5] Regla 110 de Evidencia, 32 LPRA Ap. VI, R. 110.
[6] 30 LPRA § 6221.
[7] *Id.*
[8] 30 LPRA § 6222.
[9] 30 LPRA § 6222.

caso tanto el predio objeto de dominio, como la finca matriz no están inscritas. No nos convencen sus argumentos. Veamos por qué.

Ciertamente, aunque la precitada disposición establece de manera expresa en su inciso (i) que "[s]i la finca resulta ser una segregación **de una finca de mayor cabida que consta inscrita,** la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción"[10], ello no tiene el alcance que el señor Salas Román propone. Enfocado en la redacción literal del estatuto, el señor Salas Román nos propone interpretar que los requisitos esenciales y de cumplimiento estricto dispuestos en el Art. 185 de la Ley Núm. 210-2015, aplican solo a las fincas inscritas y que aquellas que no están inscritas no deben cumplir con los mismos. Por lo tanto, sugiere que, las fincas dimanantes de una finca mayor están eximidas del cumplimiento cabal con dichas disposiciones normativas.

Acoger la propuesta interpretativa del señor Salas Román sería contrario a la hermenéutica legal y más importante aún, a políticas públicas que encarnan las disposiciones reguladoras de las propiedades inmuebles. Nos explicamos.

En primer lugar, el hecho de que el texto legal no enumera a todos los sujetos a los que va dirigida, no tiene el alcance de excluirlos. Ello puede obedecer, por ejemplo, a que lo que es evidente y lógico, huelga incluirlo en la legislación. Segundo, según hemos esbozado, no se puede utilizar el expediente de dominio como un mecanismo para evitar cumplir con la legislación de planificación del País y lograr la inscripción de un predio que no ha sido segregado. Interpretar que los mencionados artículos aplican solo a las fincas inscritas y que aquellas que no están inscritas no deben cumplir con los mismos, implicaría librar de obligaciones a aquellos

---

[10] 30 LPRA § 6291(i).

que no tienen sus derechos inscritos en el Registro de la Propiedad e imponerle obligaciones y requisitos adicionales a los que sí.

Finalmente, la pretendida inscripción de la propiedad inmueble al margen de los requisitos esenciales dispuestos en la ley, aumentaría exponencialmente el riesgo de la inmatriculación de propiedades que de otra forma no pudiesen ser inscribibles o, lo que es aún peor, ilegalmente adquiridas. De manera que, concluimos, igual que lo intimó el Foro *a quo*, que al utilizar el mecanismo de expediente de dominio para inscribir lo que alega es su propiedad, obliga igualmente al señor Salas Román a cumplir con los requisitos de segregación correspondientes.

En el caso de autos, el señor Salas Román no presentó documentación alguna que evidenciara la segregación del predio objeto de la *Petición,* por lo que muy bien procedía la desestimación. La propiedad que alega le pertenece y cuya inscripción a su nombre pretende inscribir, pertenece a una finca mayor, por lo que es necesario la segregación y el correspondiente permiso de la OGPe. Los alegados errores no se cometieron.

IV.

Por los fundamentos expuestos, *expedimos* el auto de *Certiorari* y *confirmamos* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones