Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| ANTONIO GARCÍA VILLANUEVA, MYRIAM VILLANUEVA VEGA Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTAS ENTRE AMBOS <br><br> Peticionarios <br><br> EX PARTE | KLCE202301448 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla <br><br> Caso Núm.: AG2023CV01364 <br><br> Sobre: Expediente de Dominio |
|---|---|---|

Panel integrado por su presidente el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

I.

El 28 de agosto de 2023, el Sr. Antonio García Villanueva y la Sra. Myriam Villanueva Vega (el matrimonio García Villanueva) presentaron ante el Tribunal de Primera Instancia una *Petición ex parte* de expediente de dominio, para inscribir a su favor el domino sobre la finca identificada con el número de catastro 100-084-003-01-, ubicada en el barrio Hoyamala, en el municipio de San Sebastián. Detallaron, entre otros aspectos, la descripción de la finca, sus colindancias, su valor estimado en $90,000.00 y la cabida de 618.1150 metros.

Entre sus alegaciones, el matrimonio García Villanueva expuso haber adquirido la propiedad por compraventa, en virtud de la Escritura Pública Núm. 31 de Compraventa, otorgada el 21 de junio de 2022 ante el Notario Público Luis Javier Hernández Pérez. Señalaron que la finca no aparece inmatriculada en el Registro de la Propiedad y que, en conjunto con los dueños anteriores, la han poseído pacíficamente en concepto de dueños por el término establecido por ley.

Número Identificador

SEN2024_____

Luego de múltiples tramites procesales, el 28 de septiembre de 2023, el foro primario emitió una *Orden* para que el matrimonio García Villanueva mostrara causa por lo cual no debía desestimar la *Petición*. Fundó su *Orden* en que no se había cumplido con la condición suspensiva de segregación aprobada por ARPE, hoy la Oficina de Gerencias de Permisos (OGPe).

El 7 de noviembre de 2023, presentaron *Moción en Cumplimiento de Orden*. Argumentaron, que la práctica de otorgamiento de segregaciones pendiente de aprobación quedó abolida por la Ley Núm. 161- 2009[1]. Esta, según ellos, creó la OGPe, que a su vez, creó una excepción en su Art. 9.1, dispositiva de que, carecerá de eficacia cualquier otorgamiento de escritura pública o contrato privado de lotificación que no haya sido aprobado previamente por la OGPe, excepto, en aquellos casos que lo permita la ley y la reglamentación aplicable.

Añadió, que la única excepción a la ley es la que surge en los trámites de expediente de dominio, regulado por el Artículo 185 de la Ley Núm. 210-2015, conocida como la Ley del Registro de la Propiedad Inmobiliaria de Puerto Rico.[2] La misma dispone que si la finca es una segregación de una **finca de mayor cabida que conste inscrita**, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente. Indicó que tanto el predio objeto de expediente, como la finca de mayor cabida de donde sale el predio, no constaban inscritas en el Registro de la Propiedad y que no era requisito tener la aprobación de OGPe, ya que cuando único se requiere autorización es cuando la finca se encuentra inmatriculada, según la excepción antes mencionada.

---

[1] Ley para la Reforma del Proceso de Permisos de Puerto Rico, Ley Núm. 161-2009, 23 LPRA § 9019.
[2] 30 LPRA § 6291.

El 7 de diciembre de 2023, notificada el día siguiente, el Foro *a quo* emitió *Sentencia* declarando No Ha Lugar la *Petición* presentada y desestimó la misma sin perjuicio. Inconformes, el 19 de diciembre de 2023, el matrimonio García Villanueva presentó *Moción de Reconsideración*. Insatisfechos ante la negativa del Foro recurrido de reconsiderar su dictamen, el 25 de septiembre de 2023, el matrimonio García Villanueva, acudió ante nos mediante *Certiorari*. Señalan:

**Primer Error:**

ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA PETICIÓN DE EXPEDIENTE DE DOMINIO EN VIOLACIÓN AL DEBIDO PROCESO DE LEY AL NO RECONOCER EL DERECHO PROPIETARIO A INSCRIBIR SU FINCA EN EL REGISTRO DE LA PROPIEDAD CON LAS GARANTÍAS QUE ESTABLECE LA LEY HIPOTECARIA.

**Segundo Error:**

ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA PETICIÓN DE EXPEDIENTE DE DOMINIO PARA INSCRIBIR UN PREDIO DE TERRENO POR NO HABER CUMPLIDO CON LOS REQUISITOS DE SEGREGACIÓN, SEGÚN EL ARTICULO 148 DE LA LEY DE REGISTRO DE LA PROPIEDAD INMOBILIARIA DEL ESTADO LIBRE ASOCIADO DE PUERTO RICO, DE UN PREDIO NO INSCRITO QUE TIENE IDENTIDAD PROPIA HACE 36 AÑOS.

Con el beneficio de la comparecencia de la parte, el Derecho y la jurisprudencia aplicable, procedemos a resolver.

II.

A.

El Art. 185 de la Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico, Ley Núm. 210-2015,[3] rige el procedimiento de expediente de dominio mediante el cual un propietario puede justificar su dominio sobre un bien inmueble a los fines de poderlo inscribir en el Registro. Dispone:

Todo propietario que carezca de título inscribible de dominio,

---

[3] 30 LPRA § 6291.

podrá inscribirlo si cumple con los siguientes requisitos:

1.      Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:

a.      Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.

b.      La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.

c.      Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.

d.      Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.

e.      Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

f.      Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.

g.      El modo en que adquirió del inmediato anterior dueño.

h.      El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

i.      El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. **Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción.** No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción proindivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.

j.      El valor actual de la finca.

k.     Las pruebas legales que se dispone presentar.
l.     Las demás alegaciones que en derecho procedan en cada caso.
 2. El promovente notificará personalmente o por correo certificado con copia de su escrito a los siguientes:
a.     Alcalde del municipio en que radiquen los bienes.
b.     Secretario de Transportación y Obras Públicas.
c.     Fiscal de Distrito.
d.     Las personas que están en la posesión de las fincas colindantes.[4]

Conforme la citada disposición estatutaria, cualquier propietario que pretenda inscribir una propiedad sobre la cual no ostente título inscribible de dominio, puede hacerlo previo cumplimiento con una serie de formalidades. Entre las formalidades a cumplir, el inciso (1)(b) exige "[l]a descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados".

Estos requisitos legales para la tramitación de un expediente de dominio, esenciales y de cumplimiento estricto,[5] son la carga probatoria que tiene que superar quien lo solicita. Cumple con ella, a través de cualquier medio de prueba establecido en las Reglas de Evidencia y superando el *quantum* de prueba correspondiente a los casos de naturaleza civil. Según la Regla 110 (F) de Evidencia, "[e]n los casos civiles, la decisión de la juzgadora o del juzgador se hará mediante la preponderancia de la prueba a base de criterios de probabilidad, a menos que exista disposición, al contrario".[6]

B.

La segregación de fincas establecida en el Art. 147 de la Ley Núm. 210-2015,[7] ocurre cuando se segrega parte de una finca para formar una nueva. Ante ello, el Registrador inscribe la porción segregada con un número diferente, pero, toma razón de esta circunstancia al margen de la finca matriz, haciendo referencia a la

---

[4] Énfasis nuestro.
[5] *Nieves Osorio, Ex Parte*, 127 DPR 907 (1991).
[6] Regla 110 de Evidencia, 32 LPRA Ap. VI, R. 110.
[7] 30 LPRA § 6221.

cabida del predio que fue segregado y el número de los datos registrales de la finca bajo el cual ha quedado inscrito.[8]

El Art. 148 de la Ley Núm. 210-2015 establece los requisitos para que se pueda inscribir una escritura de segregación. Dispone:

1. Resolución de autorización de la agencia o dependencia gubernamental estatal o municipal designada por ley para autorizar la segregación.
2. Plano de Inscripción aprobado por la agencia o dependencia gubernamental estatal o municipal correspondiente.
3. Escritura pública en la que comparecen todos los titulares y en la que se describa el remanente de la finca principal y luego de las segregaciones, si alguno, excepto en los casos dispuestos por reglamento.[9]

### III.

El matrimonio García Villanueva sostiene que incidió el Foro de primera instancia al entender que no se cumplió con los requisitos de segregación por no contar con una aprobación de la OGPe y desestimar la petición de expediente de dominio. Arguyen que el Tribunal de Primera Instancia debía declarar justificado el dominio, pues estos habían poseído la finca, en conjunto con los dueños anteriores, por más de treinta y seis (36) años y la posesión es título suficiente para que se pueda inscribir. Añadió que, el Art. 148 de la Ley Núm. 210-2015[10] no aplica, ya que, según ellos, cuando único se requiere plano y resolución aprobado por la OGPe es cuando la finca matriz de donde proviene el solar objeto del dominio está inscrita y en este caso tanto el predio objeto de dominio, como la finca matriz no están inscritas. No nos convencen sus argumentos. Veamos por qué.

Ciertamente, aunque la precitada disposición establece de manera expresa en su inciso (i) que "[s]i la finca resulta ser una segregación **de una finca de mayor cabida que consta inscrita,** la

---

[8] *Id.*
[9] 30 LPRA § 6222.
[10] 30 LPRA § 6222.

segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción"[11], ello no tiene el alcance que el matrimonio García Villanueva propone. Enfocados en la redacción literal del estatuto, nos proponen interpretar que los requisitos esenciales y de cumplimiento estricto dispuestos en el Art. 185 de la Ley Núm. 210-2015, aplican solo a las fincas inscritas y que aquellas que no están inscritas no deben cumplir con los mismos. Por lo tanto, nos invitan a aceptar que, las fincas dimanantes de una finca mayor están eximidas del cumplimiento cabal con dichas disposiciones normativas.

Acoger la propuesta interpretativa del matrimonio García Villanueva sería contrario a la hermenéutica legal y más importante aún, a políticas públicas que encarnan las disposiciones reguladoras de las propiedades inmuebles. Nos explicamos.

En primer lugar, el hecho de que el texto legal no enumera a todos los sujetos a los que va dirigida, no tiene el alcance de excluirlos. Ello puede obedecer, por ejemplo, a que lo que es evidente y lógico, huelga incluirlo en la legislación. Segundo, según hemos esbozado, no se puede utilizar el expediente de dominio como un mecanismo para evitar cumplir con la legislación de planificación del País y lograr la inscripción de un predio que no ha sido segregado. Interpretar que los mencionados artículos aplican solo a las fincas inscritas y que aquellas que no están inscritas no deben cumplir con los mismos, implicaría librar de obligaciones a aquellos que no tienen sus derechos inscritos en el Registro de la Propiedad e imponerle obligaciones y requisitos adicionales a los que sí.

Finalmente, la pretendida inscripción de la propiedad inmueble al margen de los requisitos esenciales dispuestos en la ley,

---

[11] 30 LPRA § 6291(i).

aumentaría exponencialmente el riesgo de la inmatriculación de propiedades que de otra forma no pudiesen ser inscribibles o, lo que es aún peor, ilegalmente adquiridas. De manera que, concluimos, igual que lo intimó el Foro *a quo,* que al utilizar el mecanismo de expediente de dominio para inscribir lo que alega es su propiedad, obliga igualmente al matrimonio García Villanueva a cumplir con los requisitos de segregación correspondientes.

En el caso de autos, el matrimonio García Villanueva no presentó documentación alguna que evidenciara la segregación del predio objeto de la *Petición,* por lo que muy bien procedía la desestimación. La propiedad que alega le pertenece y cuya inscripción a su nombre pretende inscribir, pertenece a una finca mayor, por lo que es necesario la segregación y el correspondiente permiso de la OGPe. Los alegados errores no se cometieron.

IV.

Por los fundamentos expuestos, *expedimos* el auto de *Certiorari* y *confirmamos* el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones