Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Sucn. Rosita Rodríguez Ruiz t/c/c Rosa Rodríguez Ruiz y Rosa Rodríguez, compuesta por Mayra Lorenzo Rodríguez y otros<br><br>Apelantes<br><br><br>Ex Parte | KLCE202400413 | ***CERTIORARI* acogido como APELACIÓN** procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Civil Núm.: AG2023CV01758<br><br>Sobre: Expediente de Dominio |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 23 de abril de 2024.

Comparece ante nos, la Sucesión Rosita Rodríguez Ruiz (en adelante, Sucn. Rodríguez Ruiz o apelantes) mediante recurso de *Certiorari* en el que solicitan la revocación de la "Sentencia" emitida el 26 de febrero de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante dicho dictamen, el foro primario desestimó la "Solicitud" de expediente de dominio presentada por los apelantes.

Tras examinar la naturaleza y procedencia del caso de autos, el recurso de *Certiorari* presentado ante nuestra consideración será acogido como una apelación, aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración,

---

[1] Notificada el 28 de febrero de 2024.

Número Identificador

SEN2024 _____

expedimos el auto de *Certiorari* y revocamos el dictamen mediante los fundamentos que expondremos a continuación.

## I.

El 26 de octubre de 2023, los apelantes presentaron una "Solicitud" de expediente de dominio, para inscribir a su favor el dominio sobre la finca identificada con el número de catastro 126-071-088-54-000, ubicada en el Barrio Atalaya, en el municipio de Aguada. Expusieron, entre otros aspectos, la descripción de la finca, y alegaron haber adquirido el inmueble por herencia de su señora madre, doña Rosita Rodríguez Ruiz quien, a su vez, heredó la propiedad de su finado padre, don Arturo Rodríguez Vega, abuelo de los aquí apelantes.[2] Asimismo, señalaron que la finca no aparece inmatriculada, y que han ocupado la propiedad de manera pública y pacífica en exceso de 40 años. Por ello, solicitaron se declarase justificado el dominio sobre la finca descrita, y se ordenase a su favor la inscripción del predio en el Registro de la Propiedad.

Así las cosas, el 21 de noviembre de 2023,[3] el Tribunal de Primera Instancia emitió una "Orden", y solicitó a los apelantes mostrar causa por la cual no se debía desestimar su "Solicitud", "toda vez que [don] Arturo Rodríguez [Vega] tuvo otros hijos además de Rosita [Rodríguez Ruiz], quienes son dueños de una participación de la herencia de éste y no son parte de la Petición".[4]

En cumplimiento con dicha "Orden", el 6 de diciembre de 2023, los apelantes presentaron un escrito y, entre otras cosas, informaron lo siguiente:

> *Muy respetuosamente, entendemos, que no se debe incluir a la sucesión de Arturo Rodriguez, ya que ellos contrataron al Ingeniero Civil-Agrimensor, Carlos E. Morales Arroyo, P.E. quien preparó un plano*

---

[2] Véase, "Resolución" emitida en el caso AU2019CV00936; apéndice pág. 16.
[3] Notificada el 22 de noviembre de 2023.
[4] Véase, apéndice pág. 21; SUMAC entrada número 2.

*segregando la finca y cada cual tomó posesión del solar que le correspondía.*

Posteriormente, el 26 de diciembre de 2023,[5] el foro *a quo* emitió una "Orden", y apercibió a los apelantes a mostrar causa por la cual no se debía desestimar su petición, "por no haber expresado cómo adquirió la propiedad objeto de la Petición Rosita Rodríguez, toda vez que ella tenía once hermanos y no se hace expresión de cómo se divide la propiedad".[6]

A tenor, el 10 de enero de 2024, los apelantes presentaron una "Moción en Cumplimiento de Orden" y, nuevamente, reiteraron que no debía incluirse a la Sucesión de don Arturo Rodriguez, debido a que sus herederos contrataron un ingeniero que preparó un plano segregando la finca, y cada cual tomó posesión del solar que le correspondía.

Evaluado los escritos, el 26 de febrero de 2024,[7] el Tribunal de Primera Instancia emitió una "Sentencia" mediante la cual declaró No Ha Lugar la "Solicitud" de expediente de dominio presentada por los apelantes, y la desestimó sin perjuicio. Fundamentó su dictamen bajo la premisa de que no se presentó documentación alguna que evidencie que el predio objeto de la petición fue segregado de la finca de mayor cabida, conforme lo requiere el Art. 148 de la Ley del Registro de la Propiedad, *infra*.

Inconformes, el 13 de marzo de 2024, los apelantes presentaron una "Moción Solicitando Reconsideración" y argumentaron que, conforme el Art. 185 de la Ley del Registro de la Propiedad, *infra*, la única instancia en donde se requiere un permiso de segregación "es cuando la finca que se pretende inscribir ya está inscrita".[8] Expusieron que no es necesario presentar un permiso de segregación, ya que el predio objeto de la

---

[5] Notificada el 27 de diciembre de 2023.
[6] Véase, apéndice pág. 26; SUMAC entrada número 5; "Resolución" emitida en el caso TD95-1281; apéndice pág. 19.
[7] Notificada el 28 de febrero de 2024.
[8] Véase, apéndice pág. 35.

petición no está inscrito en el Registro de la Propiedad. Adicionalmente, añadieron que varios co-herederos hermanos de doña Rosita Rodríguez Ruiz lograron la inscripción mediante la presentación de un expediente de dominio, y utilizando el mismo plano que preparó el ingeniero segregando la finca.

Atendida su solicitud, el 16 de marzo de 2024,[9] el foro primario emitió una "Orden", y declaró No Ha Lugar la "Moción Solicitando Reconsideración" presentada por los apelantes.

Aún insatisfechos, los apelantes recurren ante este foro apelativo intermedio, y señalan la comisión del siguiente error, a saber:

> *Erró el TPI al decidir que para inscribir un predio de terreno a través de un Expediente de Dominio se requiere permiso de segregación del predio a inscribirse el cual nunca ha estado inscrito, pero existe desde hace más de 40 años. La Ley Hipotecaria es clara al requerir permiso de segregación de las fincas inscritas, no de las no inscritas.*

## II.

El expediente de dominio es un procedimiento especial regulado por la Ley Núm. 210-2015, 30 LPRA 6001 *et seq.*, mejor conocida como la Ley del Registro de la Propiedad Inmobiliaria (Ley del Registro de la Propiedad), según enmendada. Mediante este procedimiento, aquellos propietarios que carecen de título inscribible pueden presentar un recurso ante el Tribunal de Primera Instancia para que, una vez satisfechas las formalidades de ley, se ordene la inscripción del título de dominio en el Registro de la Propiedad. En palabras sencillas, el expediente de dominio es el medio utilizado para lograr el ingreso de una finca en el Registro de la Propiedad, acto conocido como la inmatriculación. A estos efectos, el Art. 182 de la Ley del Registro de la Propiedad, 30 LPRA sec. 6281, establece lo siguiente:

---

[9] Notificada el 18 de marzo de 2024.

> *La concordancia entre el registro y la realidad jurídica extraregistral podrá lograrse **mediante la inmatriculación de las fincas que no estén inscritas a favor de persona alguna**; por la reanudación del tracto sucesivo interrumpido; la rectificación de cabida de la finca; y por la cancelación de cargas y gravámenes.*

(Énfasis suplido).

Según ha manifestado nuestro Tribunal Supremo, "[e]l expediente [de dominio] tiene el exclusivo efecto de habilitar de título (posesorio) o de dominio al que no lo tenga, o sea, de justificar la existencia de un título de dominio, sin que, por lo tanto, equivalga a una declaración de derechos". *Rodríguez v. Registrador*, 75 DPR 712, 732 (1953).

Como norma general, el expediente de dominio es un procedimiento judicial *ex parte* utilizado para justificar el dominio del promovente. Véase, Art. 191 de la Ley del Registro de la Propiedad, 30 LPRA sec. 6297. No obstante, en caso de que surja alguna controversia sobre la validez del título o de los derechos dominicales del peticionario, el procedimiento pierde su naturaleza *ex parte* y se convierte en un juicio contencioso. *Íd*; *Ríos v. Tribunal Superior*, 77 DPR 79, 83 (1954). De este modo, la resolución aprobatoria del expediente de dominio no constituye cosa juzgada, y tampoco impide un juicio declarativo posterior a instancias de los interesados. *Rodríguez v. Registrador, supra*, a la pág. 732.

Para que proceda la inscripción del título de dominio, el peticionario debe presentar ante el Tribunal de Primera Instancia un escrito jurado que, entre otras cosas, debe contener la siguiente información:

> [...]
>
> *i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción*

*adquisitiva.* **Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita*, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción*.** *No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción pro indivisa en una finca no segregada, ni el título que recae sobre una finca segregada de una finca inscrita en el registro.*

[...] Véase, Art. 185 de la Ley Hipotecaria, 30 LPRA sec. 6291. (Énfasis suplido).

Nuestro Alto Foro ha expresado que los requisitos legales contenidos en el Art. 185 de la Ley Hipotecaria, *supra,* para la tramitación de un expediente de dominio son esenciales y de cumplimiento estricto. *Nieves Osorio, Ex Parte,* 127 DPR 907 (1991), citando a *Alvarez Rivera v. Registrador,* 84 DPR 229, 230 (1961). Además, tras enumerar las alegaciones que debe contener la petición de expediente de dominio, el inciso (2) del Art. 185 de la Ley Hipotecaria, *supra,* dispone lo relacionado al requisito de notificación.

Por su parte, el Art. 148 de la Ley Núm. 210-2015, 30 LPRA sec. 6222, enumera los requisitos para la segregación. A esos fines, dispone que:

*Para que una escritura de segregación pueda quedar inscrita se deberá cumplir con los siguientes requisitos:*

*1. Resolución de autorización de la agencia o dependencia gubernamental estatal o municipal designada por ley para autorizar la segregación.*

*2. Plano de Inscripción aprobado por la agencia o dependencia gubernamental estatal o municipal correspondiente.*

*3. Escritura pública en la que comparecen todos los titulares y en la que se describa el remanente de la finca principal luego de las segregaciones, si alguno, excepto en los casos dispuestos por reglamento.*

Por último, debemos enfatizar que el expediente de dominio "no es el procedimiento autorizado por ley para obtener la división de la cosa común". *Oquendo v. Registrador,* 78 DPR 118, 121 (1955). En este procedimiento el juez solo está facultado para

declarar justificado o no el dominio de los bienes. *Toro v. Registrador,* 25 DPR 472, 476 (1917).

### III.

Según revela el tracto procesal discutido, los apelantes presentaron una "Solicitud" de expediente de dominio, para inscribir a su favor el dominio **sobre una finca que no aparece inmatriculada**. No obstante, el foro apelado declaró No Ha Lugar la petición presentada por los apelantes, bajo el fundamento de que estos no evidenciaron que el predio objeto de la petición fue segregado de la finca de mayor cabida, conforme lo requiere el Art. 148 de la Ley del Registro de la Propiedad, *supra.*

En su escrito, los apelantes argumentan que erró el foro primario al requerir la certificación de la OGPe, toda vez que la Ley del Registro de la Propiedad, *supra,* no exige el cumplimiento de tal requisito cuando la finca objeto de la solicitud no está inscrita, precisamente, por tratarse de un expediente de dominio en el que se alega prescripción adquisitiva. Le asiste la razón.

Como cuestión de derecho, y contrario a lo razonado por el Tribunal de Primera Instancia, **en una acción de expediente de dominio solo es necesario un permiso de segregación cuando la finca principal haya estado inmatriculada en el Registro de la Propiedad**.

Ello surge claramente del texto del Art. 185 de la Ley del Registro de la Propiedad, *supra,* el cual dispone que, **la aprobación gubernamental de una segregación solamente es necesaria cuando la finca objeto del expediente de dominio proviene de una "finca de mayor cabida <u>que consta inscrita</u>**". (Énfasis nuestro). Por ello, el precitado artículo consigna, además, que **no es justo título el que "recae sobre una finca segregada <u>de una finca inscrita en el registro</u>**". (Énfasis suplido).

En este caso, los apelantes alegan que "[l]**a finca de la cual proviene la propiedad objeto de este dominio no consta inscrita en el Registro de la Propiedad**".[10]  (Énfasis provisto).  A esos efectos, acompañaron su "Solicitud" con una "Certificación de Propiedad Inmueble", de la cual surge que la finca identificada con el número de catastro 126-071-088-54-000, ubicada en el Barrio Atalaya del municipio de Aguada, **no está inscrita**.[11]

Por consiguiente, no albergamos duda de que, la prueba documental presentada por los apelantes le permitía al Tribunal de Primera Instancia concluir, informadamente, si la finca objeto de la "Solicitud" de expediente de dominio proviene o no de una finca de mayor cabida que consta inscrita.  Este hecho es medular al momento de determinar si era o no realmente necesario un permiso de segregación, pues, como ya indicamos, el Art. 185 de la Ley del Registro de la Propiedad, *supra*, únicamente exige la aprobación gubernamental de una segregación cuando la finca objeto del expediente de dominio proviene de una finca de mayor cabida que consta inscrita.  Por ende, concluimos que erró el foro apelado al desestimar la acción de epígrafe, por el incumplimiento con un requisito que no es aplicable al caso.

Pesa el hecho de que, sin duda alguna, los apelantes intentan utilizar la figura de la usucapión para lograr la inscripción de un predio de una finca que no consta inscrita.  **A su vez, nos compele que, según alegan los apelantes, hace más de 25 años, varios de los coherederos hermanos de doña Rosita Rodríguez Ruiz lograron inscribir, mediante este procedimiento, el dominio sobre los solares que les correspondían, según el plano segregando la finca matriz.[12]  No obstante, a pesar de que los apelantes alegaron haber**

---

[10] Véase, "Solicitud" alegación número 4.

[11] Véase, apéndice pág. 11.

[12] Véase, AJV1999-0108 y AJV1999-0108.

**solicitado copia al archivo inactivo del tribunal de Justicia el 28 de noviembre de 2013**,[13] **de los autos no se desprende que**, **efectivamente**, **se le haya presentado esta evidencia al tribunal**.

Debido a los hechos particulares del caso, corresponderá al Tribunal de Primera Instancia celebrar una vista evidenciaria con el propósito de que los apelantes presenten evidencia del formulario OAT 85 y de su envío, o evidencia de las resoluciones emitidas en el caso AJV1999-0108, y cualquier otro del cual se haya inscrito el dominio de algún coheredero. De presentarse esta evidencia, el foro apelado procederá con el expediente de dominio. De lo contrario, corresponderá a los apelantes inscribir la finca matriz y, posteriormente, segregar la misma, conforme lo establece la ley.

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, expedimos el auto de *Certiorari* y revocamos la "Sentencia" apelada, emitida por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Devolvemos el caso para la celebración de una vista evidenciaria, conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[13] Véase, "Moción en Cumplimiento de Orden" del 6 de diciembre de 2023, inciso (3)(e); SUMAC entrada número 3.