ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| ARTURO SERRANO PADIN, ENID RODRIGUEZ RIVERA<br><br>Apelante<br><br>EX PARTE | KLAN202400143 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Mayagüez<br><br>Caso Núm.:<br>MZ2022CV 00716<br><br>Sobre:<br>EXPEDIENTE DE DOMINIO |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 16 de abril de 2024.

Comparece ante *nos* Arturo Serrano Padín y Enid Rodríguez Rivera (Apelantes) y nos solicitan que revisemos la *Resolución* emitida el 28 de septiembre de 2023 y notificada el 5 de octubre de 2023 por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Mayagüez. Mediante el referido dictamen, el TPI declaró *No Ha Lugar* la *Petición* sobre Expediente de Dominio presentada por los Apelantes.

Por los fundamentos que expondremos a continuación, confirmamos la *Resolución* apelada.

**I.**

El 18 de mayo de 2022, los Apelantes, casados entre sí, presentaron una *Petición* sobre Expediente de Dominio con el fin de inmatricular en el Registro de la Propiedad dos fincas de su propiedad. En síntesis, alegaron ser dueños en pleno dominio de dos fincas, adquiriendo la denominada finca "A" (finca A),[1] en el 1998

---

[1] Los Apelantes juraron haber incluido como parte de la *Petición* la siguiente prueba documental: (1) certificación negativa del Registro; (2) Certificación

Número Identificador

SEN2024_____

mediante documento privado extraviado, y la denominada finca "B" (finca B),[2] en el 2014 mediante Escritura Pública Número 32 del 25 de marzo de 2014 ante el Notario Ramón E. Colón Pratts. Los Apelantes, por conducto de su representación legal y bajo juramento, acreditaron haber cumplido con los requisitos esbozados en el Artículo 185 de la *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado,* Ley Núm. 210 de 8 de diciembre de 2015, según enmendada, 30 LPRA sec. 6001, 6291. ("Ley del Registro").

El 31 de octubre de 2022 el foro primario emitió una *Orden,* la cual fue notificada el 8 de noviembre de 2022, donde ordenó a los Apelantes a enmendar la *Petición* para que cumplieran cabalmente con los requisitos del Artículo 185 de la Ley del Registro, *Id.* La *Orden* requería lo siguiente:

1. El número de catastro de cada una de las fincas objeto de dominio. Del relato hecho en la petición debe aclararse si las dos fincas están bajo el catastro de una finca de mayor cabida;

2. Una descripción de la finca matriz e información en cuanto a cómo se formaron las fincas;

3. Informar las circunstancias de los inmediatos anteriores dueños de la propiedad A y de los inmediatos anteriores dueños de la propiedad B al momento de adquirir la propiedad. En cuanto a la propiedad A debe incluir en los autos copia legible de la escritura pública mediante la cual adquirieron la propiedad los inmediatos anteriores dueños. En cuanto a la propiedad B, debe presentarse la escritura de compraventa habida entre estos y los peticionarios.

El 16 de febrero de 2023, los Apelantes presentaron su *Petición Enmendada.* En esta aclararon que ambas fincas son parte

---

acreditando el envío de la petición a los colindantes, Fiscal de Distrito, Departamento de Transportación y Obras Públicas, Municipio de las Marías, y de la publicación de los edictos; (3) Escritura Núm. 372 de 13 de octubre de 1970; (4) prueba testifical; (5) plano y certificación de mensura.

[2] Los Apelantes juraron haber incluido como parte de la *Petición* la siguiente prueba documental: (1) certificación negativa del Registro; (2) Certificación acreditando el envío de la petición a los colindantes, Fiscal de Distrito, Departamento de Transportación y Obras Públicas, Municipio de las Marías, y de la publicación de los edictos; (3) Escritura Núm. 32 del 15 de marzo de 2014; (4) Declaratoria de Herederos (I JV2003-0257) (5) relevo de hacienda (6) prueba testifical; y (7) plano y certificación de mensura.

del número catastral 184-072-01-006 incluido en la *Petición* original. Asimismo, revelaron que habían adquirido la finca A, mediante instrumento privado extraviado, de Teresa Padín Rodríguez y Antonio Serrano Cancelario, que a su vez la habían adquirido en el 1966 mediante Escritura Número 372,[3] de 13 de octubre de 1970 ante Notario Celestino Vargas Hernández.

Por otro lado, la *Petición Enmendada* esclarece que la finca B fue adquirida mediante compraventa, otorgada entre los Apelantes y Albilda Vargas Padín mediante Escritura Pública Número 32 de 25 de marzo de 2014 ante Notario Ramón E. Colón Pratts. La Sra. Albilda Vargas Padín a su vez adquirió la finca como derecho hereditario tras el fallecimiento de su madre, Leonidas Padín Rodríguez.[4]

Luego de varios trámites procesales, el 15 de mayo de 2023 se celebró un juicio en su fondo. En este comparecieron los Apelantes y el Ministerio Público representado por el Lcdo. Carlos Fiol Matta. Como parte de la prueba se estipularon los siguientes exhibits: (1) Escritura número 32 de 2014; (2) Declaratoria de Herederos número I JV2003-0257; (3) Certificado de Cancelación de Gravamen Contributivo; (4) Certificación de Mensura y Plano de la finca de mayor cabida; (5) Certificación de Mensura y Plano de la finca de menor cabida; (6) Acta de Protocolización; y (7) Acta de Propiedad Número 372.

El TPI emitió una *Resolución* el 28 de septiembre de 2023 y notificada el 5 de octubre de 2023, en la cual resolvió que estaba impedido de declarar justificado el dominio que alegan los Apelantes por lo que era improcedente ordenar la inmatriculación de las fincas.

---

[3] El recurso de apelación la llama Escritura Pública Núm. 372, no obstante, surge del expediente que el instrumento público es en realidad una Acta de Propiedad, hecho que se adopta en la *Resolución* de la cual se recurre, incluyendo en la enumeración de los exhibits estipulados en juicio.

[4] Sucesión que fue atenida por el Tribunal de Primera Instancia, Sala de Mayagüez en el caso I JV2003-0257 sobre Declaratoria de Herederos.

En cuanto a la finca A, decretó el foro primario que surge del Acta de Propiedad 372 presentada en juicio que los dueños inmediatos anteriores a los Apelantes, entiéndase Teresa Padín Rodríguez y Antonio Serrano Cancelario, no eran titulares de la finca, sino que recibieron permiso de la Sucesión Padín Rodríguez para construir un inmueble que enclava en la finca A. Por lo anterior, el TPI se vio obligado a concluir que los Apelantes continuaron poseyendo el predio en común proindiviso, como comuneros de la Sucesión Padín Rodríguez. Ante esta realidad, el foro primario señaló que los Apelantes no presentaron evidencia que acreditara la partición del caudal hereditario ni prueba de algún negocio jurídico que evidenciara la cesión de los derechos hereditarios. El TPI añadió que surge del Plano de Mensura con fecha de 30 de octubre de 2021, que existe una propiedad dentro de la finca A de la cual figura como dueña la Sra. Elisa Padín Rodríguez, quienes los Apelantes identificación como colindante. Ante ausencia de prueba que demuestre una segregación, el foro primario se declaró impedido de justificar el dominio de los Apelantes por incumplir la *Petición* con el Artículo 185 (i) de la Ley del Registro, *Id.*

Similarmente, el foro primario concluyó que los Apelantes adquirieron una participación abstracta e indivisa de la finca B pues se desprende de la Escritura Pública Núm. 32, que la Sra. Albilda Vargas Padín cedió a los Apelantes su participación indivisa de la propiedad. Al no evidenciar que la finca B fue segregada o sus cuotas adjudicadas, el TPI solo pudo concluir que los Apelantes poseen la finca como comuneros proindivisos. El foro primario enfatizó, además, que no solo carece el expediente de evidencia de segregación, sino que en la Certificación de Valores Contributivos que surge del expediente se menciona que la finca identificada con el número de catastro 184-072-011-01-006 no ha sido segregada y

forma parte de una finca principal identificada con el número catastral 184-072-011-01-000.

Insatisfechos con la determinación del TPI, los Apelantes presentaron una *Reconsideración* el 18 de octubre de 2023, la cual fue declarada *No Ha Lugar* el 14 de enero de 2024 y notificada el 22 de enero de 2024. Inconformes aun, presentaron su recurso de *Apelación* el 20 de febrero de 2024, en el cual alegaron que el TPI erró al:

**EMITIR UNA RESOLUCIÓN DENEGANDO UNA PETICIÓN DE EXPEDIENTE DE DOMINIO, UTILIZANDO CRITERIOS INCORRECTOS (LOS CUALES NO FUERON OBJETOS DE PRUEBA) (PLANO CATASTRAL DEL CRIM) Y NO SUSTENTADOS POR LA PRUEBA NI POR EL DERECHO. (EL FORO RECURRIDO SE EQUIVOCÓ EN INTERPRETAR O APLICAR LA NORMA DE DERECHO SUSTANTIVO.)**

Este Tribunal emitió *Resolución* el 22 de febrero de 2024 donde se le concedió a la Oficina del Procurador General un término de veinte (20) días para la presentación de su alegato en oposición.

Mediante *Resolución* de 21 de marzo de 2024, esta Curia otorgó, previa solicitud del Ministerio Público en representación de la Oficina del Procurador General, término adicional de diez (10) días para presentar su alegato. Posteriormente, el *Alegato del Estado* fue presentado el 25 de marzo de 2024.

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer el marco jurídico de la controversia ante nuestra consideración.

## II.

### A. *Expediente de Dominio*

La *Ley del Registro de la Propiedad Inmobiliaria del Estado Libre Asociado de Puerto Rico,* expone que "todo propietario que carezca de título inscribible de dominio, podrá inscribirlo si cumple con los siguientes requisitos":

1. Presentará un escrito jurado en la sala del Tribunal de Primera Instancia correspondiente al lugar en que radiquen los bienes, o en la de aquél en que radique la porción de mayor cabida cuando se trate de una finca que radique en varias demarcaciones territoriales. Si se presenta el escrito ante una sala sin competencia, el tribunal de oficio, lo trasladará a la sala correspondiente. El escrito contendrá las siguientes alegaciones:

a. Nombre y circunstancias personales del promovente y de su cónyuge, si lo tuviera, al momento de adquirir la propiedad y al momento de hacer la solicitud, si hubiera alguna diferencia.

b. La descripción exacta de la propiedad con sus colindancias y cabida de acuerdo a los títulos presentados. De haberse practicado alguna mensura, deberá contener la cabida y colindancias que hayan resultado de la misma. Si la finca se formó por agrupación, deberán además, describirse individualmente las fincas que la integraron, y si fue por segregación se describirá la finca principal de la cual se separó.

c. Número de Catastro según aparece en el Centro de Recaudación de Ingresos Municipales.

d. Expresión de que la finca, así como las fincas constituyentes en caso de tratarse de una agrupación, o la finca de la que proviene si se trata de una segregación, no constan inscritas en el Registro de la Propiedad.

e. Una relación de las cargas que gravan la finca por sí o por su procedencia. En caso de no existir cargas, se expresará que está libre de cargas.

f. Una relación de los anteriores dueños conocidos con expresión de las circunstancias personales del inmediato anterior dueño.

g. El modo en que adquirió del inmediato anterior dueño.

h. El tiempo que el promovente y los dueños anteriores han poseído la propiedad de manera pública, pacífica, continua y a título de dueños.

i. El hecho de que la finca, o en caso de agrupación, las que la componen, mantuvieron la misma cabida y configuración durante los términos que disponen los Artículos 1857 y 1859 del Código Civil de Puerto Rico para que operen los efectos de la prescripción adquisitiva. Si la finca resulta ser una segregación de una finca de mayor cabida que consta inscrita, la segregación tiene que haber sido aprobada por la agencia gubernamental correspondiente mediante plano de inscripción. **No constituirá justo título a los efectos de este Artículo, un título de dominio sobre una porción pro indivisa en una finca no segregada,**

ni el título que recae sobre una finca segregada de una finca inscrita en el registro.

j. El valor actual de la finca.

k. Las pruebas legales que se dispone presentar.

l. Las demás alegaciones que en derecho procedan en cada caso. 30 LPRA sec. 6291 (énfasis nuestro).

Nuestro Tribunal Supremo ha reiterado que los requisitos para la tramitación de un expediente de dominio son esenciales y de estricto cumplimiento. *Nieves Osorio, Ex Parte* 127 DPR 907, 909 (1991), *Alvarez Rivera v. Registrador*, 84 DPR 229,230 (1961). Por tanto, el incumplimiento de tan solo uno de los precitados requisitos imposibilita al Tribunal proceder con el expediente de dominio y ordenar la inmatriculación de una finca.

Sobre el requisito del inciso (i) del Artículo 185, *Id.,* es meritorio recalcar que el Tribunal Supremo ha expresado que para que se justifique el dominio a favor de una persona, es "requisito previo la división de la cosa común y adjudicación a él de la parcela determinada, cuyo título de dominio pretende inscribir". *Galo Oquendo v. Registrador*, 78 DPR 118, 122 (1955). En esa ocasión, nuestro más alto foro además esclareció que "[e]s obvio que la información de dominio no es el procedimiento autorizado por ley para obtener la división de la cosa común." *Id.*

### B. La discreción del Tribunal de Primera Instancia

La *discreción* es la facultad de los tribunales de justicia para resolver de una forma u otra y de escoger entre varios cursos de acción. Al foro primario se le reconoce una amplia discreción. Sus decisiones merecen gran deferencia, debido a que es el foro que conoce las particularidades del caso, tiene contacto con los litigantes y examina la prueba. La única limitación es que la medida sea adecuada y razonable. El ejercicio adecuado de la discreción está inexorable e indefectiblemente atado al concepto de la razonabilidad. La *discreción* es una forma de razonabilidad aplicada

al discernimiento judicial con el propósito de llegar a una conclusión justiciera. Se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. Los tribunales apelativos no debemos intervenir con las determinaciones discrecionales del foro primario con el objetivo de sustituir su criterio por el nuestro. No obstante, esa deferencia cede, cuando el Tribunal de Primera Instancia actúa con prejuicio, parcialidad, incurrió en craso abuso de discreción o incurrió en error manifiesto. *Citibank et al v. ACBI et al,* 200 DPR 724, 735-736 (2018).

Ahora bien, no resulta fácil precisar cuándo un Tribunal abusa de su discreción. Sin embargo, no debemos tener duda que el adecuado ejercicio de discreción descansa en un juicio de razonabilidad judicial para llegar a una conclusión justiciera. *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170 (1992); *Pueblo v. Ortega Santiago,* 125 DPR 203, 212 (1990). Como sabemos, existen ciertas guías para poder determinar cuándo un tribunal abusa de su discreción. *Pueblo v. Rivera Santiago,* 176 DPR 559, 580 (2009). Así pues, un tribunal incurrirá en un abuso de discreción - *inter alia* - cuando el juez no toma en cuenta e ignora en la decisión que emite - sin fundamento para ello - un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario - sin justificación ni fundamento alguno - concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente. *García v. Padró,* 165 DPR 324, 336 (2005)*; Pueblo v. Ortega Santiago,* 125 DPR 203, 211(1990).

**C.   *La Apreciación de la Prueba***

En materia de apreciación de prueba, los foros apelativos habremos de brindar deferencia a las determinaciones de hechos

formuladas por el foro judicial primario. *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 740 (2007); *Rolón v. Charlie Car Rental, Inc.*, 148.

DPR 420, 433 (1999). La norma general es que, si la actuación del foro *a quo* no está desprovista de una base razonable y no perjudica los derechos sustanciales de una parte, debe prevalecer el criterio del juez de primera instancia, a quien le corresponde la dirección del proceso. *Sierra v. Tribunal Superior*, 81 DPR 554, 572 (1959).

Por ello, este Foro apelativo intermedio evitará variar las determinaciones de hechos del foro sentenciador, a menos que medie pasión, prejuicio, parcialidad o error manifiesto. Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V; *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013); *Ramírez Ferrer v. Conagra Foods PR*, 175 DPR 799, 817 (2009). Sobre el particular, nuestro Tribunal Supremo ha expresado que:

> Una de las normas más conocidas en nuestro ordenamiento jurídico es que los tribunales apelativos no intervendremos con la apreciación de la prueba, la adjudicación de credibilidad y las determinaciones de hechos que realizan los tribunales de instancia, a menos que se demuestre que el juzgador actuó movido por pasión, prejuicio o parcialidad o que incurrió en error manifiesto. *Dávila Nieves v. Meléndez Marín*, supra, pág. 753.

Sin embargo, la aludida norma de autolimitación judicial cede cuando "un análisis integral de [la] prueba cause en nuestro ánimo una insatisfacción o intranquilidad de conciencia tal que se estremezca nuestro sentido básico de justicia; correspondiéndole al apelante de manera principal señalar y demostrar la base para ello". *Pueblo v. Cabán Torres*, 117 DPR 645, 648 (1986). Por tanto, como foro apelativo, no debemos intervenir con las determinaciones de hechos, ni con la adjudicación de credibilidad que hace un Tribunal de Primera Instancia y sustituir mediante tal acción su criterio, por el nuestro. *Rivera Menéndez v. Action Services*, 185 DPR 431, 448-

449 (2012); *S.L.G. Rivera Carrasquillo v. A.A.A.*, 177 DPR 345, 356 (2009). Así pues, la apreciación que hace el foro primario merece nuestra deferencia, toda vez que es quien tiene la oportunidad de evaluar directamente el comportamiento de los testigos y sus reacciones. Recordemos que dicho foro, es el único que observa a las personas que declaran y aprecia su *demeanor*. *Ramírez Ferrer v. Conagra Foods PR*, supra; *Trinidad v. Chade*, 153 DPR 280, 291 (2001); *Ramos Acosta v. Caparra Dairy Inc.*, 113 DPR 357, 365 (1982).

En fin, como norma general, no intervendremos con la apreciación de la prueba realizada por el Tribunal de Primera Instancia. Regla 42.2 de Procedimiento Civil, *supra*; *Rivera Menéndez v. Action Services*, supra, págs. 448-449; *Monllor Arzola v. Sociedad de Gananciales*, 138 DPR 600, 610 (1995). No obstante, si, de un examen de la prueba, se desprende que el juzgador descartó injustificadamente elementos probatorios importantes o fundó su criterio en testimonios improbables o imposibles, se justifica nuestra intervención. *C. Brewer PR, Inc. v. Rodríguez*, 100 DPR 826, 830 (1972). Ello, sin obviar la norma que establece que un tribunal apelativo no puede dejar sin efecto una sentencia cuyas conclusiones encuentran apoyo en la prueba desfilada. *Sánchez Rodríguez v. López Jiménez*, 116 DPR 172, 181 (1985).

**D.  *Reglas 19, 20 y 76 del Reglamento del Tribunal de Apelaciones***

Las Reglas 19, 20 y 76 del Reglamento del Tribunal de Apelaciones, supra, rigen lo concerniente a la transcripción de la prueba oral en los recursos ante nuestra consideración. A esos efectos, nuestro Reglamento dispone lo siguiente:

"Cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción,

una exposición estipulada o una exposición narrativa de la prueba"[5].

La reproducción de la prueba oral mediante transcripción se hará conforme las disposiciones de la Regla 76[6]. A esos efectos y en lo pertinente, la Regla 76 dispone lo siguiente:

> *(A) Transcripción de la prueba oral en recursos de apelación y de certiorari*
> *Una parte en una apelación o en un recurso de certiorari ante el Tribunal de Apelaciones notificará al Tribunal de Apelaciones no más tarde de diez días desde que se presentó el escrito de apelación o se notificó la expedición del auto solicitado, que se propone transcribir la prueba oral. En esa moción, la parte proponente expresará las razones por las cuales considera que la transcripción es indispensable y que propicia mayor celeridad en los procesos que la presentación de una exposición estipulada o una exposición narrativa. En todo caso, la parte proponente identificará en la moción las porciones pertinentes del récord ante el Tribunal de Primera Instancia cuya transcripción interesa, incluyendo la fecha del testimonio y los nombres de los testigos.*
>
> *(B) Transcripción por transcriptor privado autorizado o transcriptora privada autorizada*
> *Autorizada la transcripción, su proponente podrá solicitar al Tribunal de Primera Instancia la regrabación de los procedimientos. La moción a esos efectos será presentada dentro de los diez días siguientes a la notificación de la orden del Tribunal de Apelaciones. Con la moción, su proponente acompañará los aranceles correspondientes. Concluida la regrabación, el Secretario o Secretaria del Tribunal de Primera Instancia la entregará a la parte proponente y notificará de ello a las demás partes y al Tribunal de Apelaciones. **La transcripción de la prueba oral será realizada por la parte que la solicite, a su costo y dentro del plazo de treinta días a partir de la entrega de la regrabación. Para ello, deberá utilizar un transcriptor privado autorizado o una transcriptora privada autorizada por las reglas que apruebe el Tribunal Supremo de Puerto Rico.** Los honorarios satisfechos por la parte proponente al transcriptor privado autorizado o una transcriptora privada autorizada serán recobrables como costas de prevalecer esa parte en el recurso, a menos que el Tribunal de Apelaciones determine que la transcripción no era necesaria o útil para la resolución del recurso. Cuando la parte proponente de la transcripción sea indigente o se trate del Estado Libre Asociado de Puerto Rico, sus municipios, organismos administrativos, instrumentalidades, funcionarios o funcionarias en su carácter oficial, o cuando sea imposible la regrabación de los procedimientos, la*

---

[5] Regla 19 del Reglamento del Tribunal de Apelaciones, *supra*.
[6] Regla 20 del Reglamento del Tribunal de Apelaciones, *supra*.

*transcripción será preparada de oficio por los funcionarios o funcionarias del Tribunal de Primera Instancia, conforme a los plazos y procedimientos establecidos en esta regla y en las reglas que apruebe el Tribunal Supremo de Puerto Rico. De ser necesario, el Juez Presidente o Jueza Presidenta del Tribunal Supremo podrá autorizar la contratación de transcriptores privados o transcriptoras privadas conforme a los parámetros que se establezcan en las reglas que apruebe el Tribunal Supremo.* (Énfasis suplido).
*(C) Transcripción estipulada*
*Previa autorización del tribunal, el proponente podrá utilizar la grabación realizada con su propia grabadora o la regrabación de los procedimientos y preparar una transcripción, la cual podrá presentarse como la trascripción de la prueba oral, **si la parte apelada o recurrida estipula que dicha transcripción es una reproducción fiel de la prueba oral...*** (Énfasis suplido).

### III.

En síntesis, los Apelantes arguyen que el TPI erró al considerar información que se desprende del catastro del Centro de Recaudación de Ingresos Municipales para hacer su determinación, pues es de conocimiento público que los datos que recoge el catastro no reflejan la realidad registral. Alegó, además, que el foro primario erró al tomar conocimiento de prueba que no estuvo ante su consideración.

Por su parte, el Ministerio Público argumenta que esta Curia está impedida de atender el recurso de *Apelación* toda vez que los Apelantes alegan que el foro primario erró en la apreciación de la prueba cuando arguyó que consideró prueba no contenida en el expediente. Entiende el Ministerio Público que procedía que se activaran los mecanismos reglamentarios para que este foro tuviera ante sí la reproducción de la prueba oral vertida en el juicio. En la alternativa, argumenta que surge claramente de la *Resolución* recurrida que el foro primario basó su determinación en la prueba presentada y desfilada en el juicio, y no meramente en planos catastrales, como alegan los Apelantes. Le asiste la razón. Veamos.

De una lectura de los señalamientos de error en el presente recurso, se desprende que la parte apelante nos solicita que revisemos y revoquemos la apreciación de la prueba que hizo el foro primario tras culminar el juicio en su fondo. No obstante, los Apelantes incumplieron con el procedimiento requerido por la Regla 76 del Reglamento del Tribunal de Apelaciones, *supra*, para que esta Curia tuviera ante sí la prueba, ya sea mediante una transcripción, exposición estipulada o una exposición narrativa.

En nuestro ordenamiento jurídico se presume que los tribunales actúan con corrección, por lo que compete a la parte apelante la obligación de demostrar lo contrario. *Morán v. Martí*, 165 DPR 356 (2005). Además, es norma reiterada que "[l]as determinaciones de hechos basadas en testimonio oral no se dejarán sin efecto a menos que sean claramente erróneas, y se dará la debida consideración a la oportunidad que tuvo el tribunal sentenciador para juzgar la credibilidad de las personas testigos". Regla 42.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 42.2. De conformidad con tal precepto, los foros apelativos no debemos descartar, ni sustituir las determinaciones de hechos formuladas por el foro primario a base de un mero examen del expediente del caso. Véase, *Suárez Cáceres v. Com. Estatal Elecciones*, 176 DPR 31 (2009); *Colón v. Lotería*, 167 DPR 625 (2006). Por todo lo anterior, resolvemos que los Apelantes no colocaron a este Tribunal en posición de poder revisar la apreciación de la prueba del foro primario.

Es evidente que, al hacer sus determinaciones, el foro primario se vio obligado a examinar la totalidad del expediente, y no baso sus determinaciones meramente en la información disponible en el catastro, como alegan los Apelados. Se desprende de sus conclusiones de hechos, que el TPI fundamentó sus determinaciones en las certificaciones, escrituras, actas y demás documentos que forman parte del expediente, y que a petición del

mismo foro fueron provistos por los Apelantes. Solo de un examen de los documentos requeridos le era posible concluir al foro primario que los Apelantes habían adquirido la finca A en sustitución de la Sra. Teresa Padín Rodríguez, quien era comunera de la Sucesión Padín Rodríguez, y que antes de la cesión de la finca B, la Sra. Albilda Vargas Padín era titular de dicha finca en común proindiviso.

El foro primario no solo consideró la información vertida en el juicio para fundamentar sus determinaciones de hechos, también hizo una aplicación acertada del derecho al concluir que era improcedente la declaración del dominio, pues los Apelantes incumplieron con el inciso (i) del Artículo 185 de la Ley del Registro, *supra.* El inciso es claro al expresar que el dominio de una porción proindivisa de una finca no segregada no constituirá justo título, por tanto, ante la realidad de que los Apelantes poseían ambas fincas en capacidad de comuneros, no lograron justificar un dominio que resultara en un título inscribible.

Los Apelantes insistieron en sus escritos posteriores a la *Resolución,* incluyendo en su apelación, que el inciso (i) del Artículo 185, *supra,* simplemente "no aplica", sin embargo, no fundamentaron su alegación. El recurso de apelación careció de argumentos que rebatieran la aplicación correcta del artículo; simplemente se limitó a argumentos periféricos a la controversia ante nos, tales como la inexactitud del catastro, y como este cumple distintas funciones al Registro de la Propiedad.

En virtud de lo anterior, resolvemos que los Apelantes no lograron convencernos de que el TPI erró al desestimar la *Petición* sobre Expediente de Dominio.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, confirmamos la *Resolución* recurrida.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones